410 A.2d 319

**COMMONWEALTH of Pennsylvania**

v.

**Jerome KENNERLY, Appellant.**

Superior Court of Pennsylvania.

Submitted July 17, 1979.

Filed Sept. 14, 1979.

Robert B. Mozenter, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Division, Philadelphia, for Commonwealth, appellee.

Before WIEAND, NIX and WEKSELMAN, JJ.*

WIEAND, Judge:

On the evening of January 25, 1977, appellant, Jerome Kennerly, was engaged in a heated argument with D'Armon Davis at the intersection of Greene Street and Chelten Avenue in Philadelphia. The argument erupted sporadically into fisticuffs, but all fighting ceased when a police vehicle approached and passed. The police officers, having observed the scuffle, drove around the block and, at or about 7:08 o'clock, P.M. as they made a second approach, observed the two men still making threatening gestures toward one another. The argument again seemed to stop, however, when the two men observed the approach of the police car. On this occasion, the police officers proceeded a short distance beyond the parties when one officer heard a noise which sounded like a gunshot. He immediately turned around and saw Davis stumbling toward the police car and appellant running in the opposite direction. Davis died as a result of a gunshot wound which had penetrated the heart and lung. In April, appellant turned himself in to police authorities. He was tried by jury and convicted of third degree murder and possession of an instrument of crime. After post-verdict motions had been denied and sentence imposed, an appeal was taken to this court. We affirm.

Appellant contends initially that the evidence was insufficient to convict him of murder in the third degree. He argues that the Commonwealth's witnesses were "incredible", and that no eyewitnesses observed the shooting. There is no merit in this argument. A determination of the credibility of witnesses is within the sole province of the

* Justice Robert N. C. Nix, Jr. of the Supreme Court of Pennsylvania, and Judge I. Martin Wekselman of the Court of Common Pleas of Allegheny County, Pennsylvania, are sitting by designation.

trier of fact; it is not the function of an appellate court to make such a determination. See: *Commonwealth v. Christina*, 481 Pa. 44, 391 A.2d 1307 (1978); *Commonwealth v. Farguharson*, 467 Pa. 50, 354 A.2d 545 (1976). Secondly, the fact that no one actually saw appellant fire the fatal shot does not render the evidence insufficient. The commission of a crime may be established by circumstantial evidence. *Commonwealth v. Harper*, 485 Pa. 572, 403 A.2d 536 (1979); *Commonwealth v. Dawson*, 464 Pa. 254, 346 A.2d 545 (1975).

 Viewing the evidence and all reasonable inferences therefrom in the light most favorable to the Commonwealth, as we are required to do, *Commonwealth v. Harper*, supra, we conclude that the circumstantial evidence was sufficient to enable a jury to find beyond a reasonable doubt that appellant had fired the fatal shot. Four witnesses observed him arguing with the victim in a well-lighted, public area immediately prior to the shooting. One police officer heard a gunshot seconds after observing the argument and turned to see appellant flee as the victim stumbled and fell, fatally wounded. Because the victim had been shot through the heart and lung, the use of a deadly weapon upon a vital part of the body was sufficient to permit an inference of malice necessary for murder in the third degree. See: *Commonwealth v. Hinchcliffe*, 479 Pa. 551, 388 A.2d 1068 (1978); *Commonwealth v. Murray*, 460 Pa. 605, 334 A.2d 255 (1975).

Appellant offered an alibi defense. His wife testified that he had returned home that night shortly after 7:00 o'clock, P.M. and that he had been accompanied by a man named Bernard.[1] Helen Nowak, the supervisor of medical records at the Gemedco Medical Center, testified that according to her records, appellant *could not* have left the medical center before 7:30 o'clock. In response to a Commonwealth objection, the trial judge questioned the witness out of the hearing of the jury to determine the basis for her testimony. Ultimately, the judge sustained the Commonwealth's objection, apparently because the hypothetical nature of her testimony found no support in the records of the medical

1. The defense did not call Bernard as a witness.

center. Thereafter, he ordered her testimony stricken and told the jury to disregard it. We need not determine the correctness of this ruling, for even if erroneous, the ruling was harmless. It was harmless because the trial judge permitted the witness to testify and she did testify *from her own observation and recollection that appellant had been* in her presence for 2¾ hours after she had arrived at the medical center at 4:20 o'clock, P.M.

Appellant argues that by instructing the jury to disregard the witness' initial answer, the trial judge conveyed to the jury his opinion that her testimony was not credible. We agree with appellant that a trial judge must ever be careful that his questioning of a witness does not demonstrate bias or an opinion concerning the credibility of a witness. *Commonwealth v. Miller*, 442 Pa. 95, 275 A.2d 328 (1971); *Commonwealth v. Lanza*, 228 Pa.Super. 300, 323 A.2d 178 (1974). We disagree, however, that the ruling of the trial judge had such an effect in this case. The questioning of the witness, it will be recalled, was conducted *in camera*. The trial court's ruling was delivered in a straightforward manner without embellishment suggestive of the judge's opinion, if he had one, concerning the credibility of the witness. His earlier instructions to the jury, moreover, had clearly told the members of the jury that they should not be concerned with objections by counsel, side-bar conferences, or the reasons for evidentiary rulings by the court. Therefore, we perceive no basis for awarding a new trial because of the manner in which the trial judge ruled on the Commonwealth's objection to the testimony of Helen Nowak.

Appellant contends further that the trial court committed error by (1) instructing the jury that an inference could be drawn adverse to the defense because of its failure to call known alibi witnesses without explanation; (2) instructing the jury that an inference of guilty knowledge could be drawn from evidence of appellant's flight; and (3) inadequately charging the jury on the issue of the identification of appellant by the police officer. These issues, al-

though argued orally in the court below, had not been included in appellant's post trial motions. Therefore, they were waived and have not properly been preserved for appellate review. *Commonwealth v. Twiggs,* 485 Pa. 481, 402 A.2d 1374 (1979); *Commonwealth v. Gamble,* 485 Pa. 418, 402 A.2d 1032 (1979); *Commonwealth v. Hagans,* 483 Pa. 415, 397 A.2d 412 (1979); *Commonwealth v. Waters,* 477 Pa. 430, 384 A.2d 234 (1978); *Commonwealth v. Blair,* 460 Pa. 31, 331 A.2d 213 (1975).

Judgment of sentence affirmed.