**Veronica M. HAUG**

v.

**TOYOTA MOTOR SALES, USA, INC.**

**Civil Action No. 96–2335.**

United States District Court,
E.D. Pennsylvania.

Nov. 14, 1996.

by "a circuit justice or judge," Mr. Coyle's alter-

Craig Thor Kimmel, Blue Bell, PA, for plaintiff.

Michelle D. Carter, Bryan D. McElvaine, White and Williams, Philadelphia, PA, for defendant.

## MEMORANDUM

BARTLE, District Judge.

This is an automobile "lemon law" case. Plaintiff Veronica Haug brought suit against Toyota Motor Sales, USA, Inc. under various federal and state laws, including the Pennsylvania Automobile Lemon Law, 73 Pa.Stat. Ann. §§ 1951 *et seq.* and the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("Pennsylvania Unfair Trade Practices Law"), 73 Pa.Stat.Ann. §§ 201–1 *et seq.* Plaintiff claims that her Lexus had certain defects, which defendant either failed or refused to remedy. Before the court is the motion of plaintiff for enhancement of damages under the Pennsylvania Unfair Trade Practices Law.

Since the amount in controversy was $100,000 or less, the case was referred to court-annexed arbitration for trial in accordance with federal law. 28 U.S.C. §§ 651 *et seq.* That statute authorizes non-binding arbitration in several districts, including the Eastern District of Pennsylvania, in certain types of cases. *See* 28 U.S.C. §§ 652 and 658. Our court has adopted Local Rule of Civil Procedure 53.2 which implements the statute.

This case proceeded to arbitration before a panel of three lawyers who ruled in favor of the plaintiff for $3,000. Under 28 U.S.C. § 655(a) and our local rule, any dissatisfied party may then file a demand for a trial de novo in the district court "within 30 days after the filing of an arbitration award . . . ." In this case no request for a de novo trial was sought. After the 30 day period expired, the Clerk, on October 16, 1996, and in accordance with 28 U.S.C. § 654(a) and our local rule, entered a $3,000 judgment in favor of plaintiff and against the defendant. The judgment at that point became final. It was "not . . . subject to review in any other court by appeal or otherwise." 28 U.S.C. § 654(a).

native request will, likewise, be denied as moot.

Within a week or so after the judgment was docketed, the plaintiff filed the pending motion for enhancement of damages. Specifically, plaintiff seeks to treble the damage award pursuant to § 201–9.2 of the Pennsylvania Unfair Trade Practices Law which provides in relevant part:

> The court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100), and may provide such additional relief as it deems necessary or proper.

73 Pa.Stat.Ann. § 201–9.2. Plaintiff contends that defendant's conduct was so outrageous as to warrant an enhancement of the compensatory $3,000 award. However, we need not reach the merits. We conclude that since plaintiff's motion was filed after the judgment was entered, it is out of time.

To avoid the time bar, plaintiff argues that since the Pennsylvania Unfair Trade Practices Law provides for "the court" to treble any damages, the arbitration panel cannot pass upon this issue because it is not "the court." We are not persuaded. While the panel may not be a court, it takes the place of a court initially in certain types of cases and acts like a court in a non-jury action. In carrying out its responsibilities, the panel routinely undertakes "court" functions. The arbitrators in every case not only decide questions of fact and the amount of damages, if any, but also rule on the admissibility of evidence and resolve issues of law. The matter of enhancement of damages is no less a proper issue for the arbitrators than is compensatory damages or any other legal or factual matter. If arbitrators did not function as they do, court-annexed arbitration would be meaningless and unworkable. In sum, we can think of no reason why the enhancement of damages under the Pennsylvania Unfair Trade Practices Law should be treated any differently than other questions that arbitrators customarily decide in a case.

Moreover, it must be emphasized that any arbitration is non-binding. The parties thereafter have an automatic right to a trial de novo in the district court if a demand is timely made. Thus, even if the issue of damage enhancement is submitted to the arbitrators, a party does not waive its right to have the district court re-try the case and rule on issues appropriately assigned to it under a state statute.

The federal arbitration scheme is designed "to encourage prompt, informal and inexpensive resolution of civil cases." H.R.Rep. No. 889, 100th Cong., 2d Sess. (1988), *reprinted in* 1988 U.S.C.C.A.N. 5982, 5991. Plaintiff, in effect, seeks to bifurcate the merits of lemon law cases, with part initially tried before the arbitrators and part initially tried before the district court. There is no basis in the federal arbitration law or our local rule for such a cumbersome procedure.

Plaintiff's position fails for another reason. As noted, plaintiff argues that arbitration cannot be had because the Pennsylvania Unfair Trade Practices Law requires "the court" (rather than arbitrators) to decide the enhancement issue. Under this analysis, state law could impose a veto on what matters could be subject to federal court-annexed arbitration. If the Pennsylvania General Assembly could prevent the use of arbitration by requiring "the court" to make certain decisions under a statute, it could expressly prohibit any lemon law or other state cause of action from being determined in the first instance by federal court arbitration. This result obviously could not stand. It is for the Congress and the federal courts to decide what is subject to arbitration and not state law.

If the plaintiff were dissatisfied with the arbitrators' award, she had the right under the arbitration law, 28 U.S.C. § 655(a), and our Local Rule 53.2 to file a demand for a trial de novo in this court. She had 30 days to do so, but did not. Once the judgment was entered, her right to contest the damage award ended. She cannot now be heard to complain.

The motion of plaintiff for enhancement of damages will be denied.

## ORDER

AND NOW, this 14th day of November, 1996, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of plaintiff Veronica

Haug for enhancement of damages is DE-
NIED.