Lana HINES, Plaintiff,

v.

CHRYSLER CORPORATION, Defendant.

Civil Action No. 96–5620.

United States District Court,
E.D. Pennsylvania.

Aug. 1, 1997.

Craig Thor Kimmel, Blue Bell, PA, Robert M. Silverman, Kimmel & Silverman, P.C., Ambler, PA, for plaintiff.

James W. Stevens, Marshall, Dennehey, Warner, Coleman and Goggin, Philadelphia, PA, for defendant.

## MEMORANDUM OF DECISION

McGLYNN, District Judge.

Presently before the Court is Plaintiff's Petition for Counsel Fees and All Court Costs, Defendant's Response thereto, and Plaintiff's Supplemental Memorandum of Law in support of her petition. For the reasons set forth below, plaintiff's petition is GRANTED in part and DENIED in part.

### I. *Factual Background*

This claim for counsel fees arises from a breach of warranty action. In November of 1995, plaintiff Lana Hines purchased a 1995 Dodge Neon for approximately $24,060.80. Soon thereafter, plaintiff's vehicle experienced problems with its braking system. Despite Chrysler's efforts to repair the braking system, the vehicle still exhibited the same problems. In August of 1996, plaintiff filed a three count complaint in which she sought relief under: (1) the Magnuson–Moss Warranty–Federal Trade Commission Improvement Act, 15 U.S.C. §§ 2301–12 ("the Magnuson–Moss Act"); (2) the Pennsylvania Uniform Commercial Code, 13 Pa. Cons.Stat. Ann. §§ 1101 et seq. (West 1984); and (3) the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 PA. STAT. ANN. §§ 201–1 to 201–9.2 (West 1993) ("the Unfair Trade Practices Law"). Plaintiff sought to have Chrysler repurchase her vehicle and refund all of her purchase money plus interest paid to date, tax, title, and registration fees and other collateral charges. Plaintiff also sought judgment under the Unfair Trade Practices Law in an amount equal to three times the purchase price of the vehicle. Finally, plaintiff sought attorney fees.

Pursuant to Local Rule 53.2, this case was referred to an arbitration panel which awarded the plaintiff $2,500 on the breach of warranty claim in plaintiff's complaint. On March 31, 1997, this award became the final judgment of this Court in accordance with 28 U.S.C. § 654(a) and Local Rule 53.2. Since the parties have failed to agree on the amount of reasonable attorneys' fees and costs due to plaintiff, this remaining issue must be decided by the Court.

Plaintiff's counsel now moves pursuant to the Magnuson–Moss Act and the Unfair Trade Practices Law for an award of $4,770.50 (including the 3.2 hours expended in drafting plaintiff's supplemental memorandum of law) in attorneys' fees and $662.50 in costs. Of the ninety-five billing entries in plaintiff's original fee petition, Chrysler objects to forty-five entries as unreasonable in light of this uncomplicated, "garden variety"

breach of warranty claim. *See* Def. Resp. at 4. Chrysler also objects to the portion of plaintiff's requested costs which represents the amount of expert fees incurred in plaintiff's case.

After careful scrutiny of plaintiff's fee petition and defendant's specific objections thereto, this Court will grant plaintiff's petition to the extent that plaintiff will receive $3,663.63 in attorneys' fees and costs from defendant.

## II. *Discussion*

Although plaintiff only achieved limited success at the arbitration of this matter, she is still considered a "prevailing party" for purposes of the Magnuson–Moss Act, and may be entitled to attorneys' fees. The Magnuson–Moss Act provides:

> if a consumer finally prevails in any action brought under paragraph (1) of this subsection, [s]he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate.

15 U.S.C. § 2310(d)(2). In addition, the Unfair Trade Practices Law protects consumers against unfair methods of competition or unfair acts in the conduct of any trade. Pursuant to this statute, the court may, in its discretion, award additional relief "as it deems necessary or proper." 73 PA. STAT. ANN. § 201–9.2(a).

■ As suggested by the statutes, an award of attorneys' fees is not automatic; rather, the party seeking fees bears the burden of proving that the fee request is reasonable by submitting evidence to support the hours worked and the rates charged. *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); *Rode v. Dellarciprete,* 892 F.2d 1177, 1183 (3d Cir. 1990). Opposing counsel may challenge the reasonableness of the fee requested with specific objections. *Rode,* 892 F.2d at 1183.

The Court has a "great deal of discretion to adjust the fees in light of those objections." *Id.; Bell v. United Princeton Properties, Inc.* 884 F.2d 713, 721 (3d Cir.1989).

■ Once the Court reduces or eliminates billable hours and expenses that are "excessive, redundant, or otherwise unnecessary," the Court determines the amount of reasonable fees by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley,* 461 U.S. at 433, 103 S.Ct. at 1939. This calculation yields the "lodestar," which can then be further adjusted upward or downward by the Court. *Id.*

■ In her petition, plaintiff claims that two partners, one associate, and two paralegals from Kimmel & Silverman, P.C. spent a total of 36.1 hours on this matter from March 25, 1996 through June 11, 1997. Plaintiff also asserts that the two partners should be compensated at an hourly rate of $150, the associate at an hourly rate of $125, and the two paralegals at an hourly rate of $60. In light of Kimmel & Silverman's form-based, standardized approach to litigation, defendant challenges the reasonableness of both the hourly rate of the attorneys as well as several billing entries in counsel's petition.

After a careful consideration of the routine nature of this case and plaintiff's frequent use of form memoranda, the Court makes the following adjustments to plaintiff's fee schedule: the time between 10/14/96 and 10/16/96 to receive defendant's standard answer and prepare form discovery documents is reduced from 1.4 hours to .7 hours; the time spent on 2/18/97 to prepare client, expert, and counsel herself for arbitration is reduced from 3.8 hours to 3 hours; the time spent on 2/19/97 to again prepare for, travel to and from and attend the arbitration hearing is reduced from 4.1 hours to 3 hours; and, the time spent on 4/14/97 to review counsel's pre-bill and draft the standard fee petition with accompanying memorandum is reduced from 3.1 hours to 2 hours.

The Court will also reduce the estimated paralegal time to bring this case to a close to .4 hours. Finally, this court will allow 1.5 hours for preparation of counsel's supple-

mental memorandum in support of its fee petition.

Thus, the time reasonably expended by plaintiff's counsel in this action totals 30.3 hours (12.2 hours by two partners + 16.7 hours by one associate + 1.4 hours by one paralegal).

■■ Plaintiff's counsel submits that an hourly rate of $150 is reasonable for the two name partners, Craig Thor Kimmel and Robert M. Silverman, while a $125 hourly rate is reasonable for the associate, Catherine J. Cullen. To determine whether these rates are reasonable, the Court must compare these rates with the prevailing market rates in the community for similar services by lawyers of comparable skill, experience, and reputation. *See Rode,* 892 F.2d at 1183; *Blum v. Stenson,* 465 U.S. 886, 895–96 n. 11, 104 S.Ct. 1541, 1547 n. 11, 79 L.Ed.2d 891 (1984). One hundred and fifty dollars appears to be the prevailing hourly rate for partners in this legal field, and the Court considers this rate reasonable for both partners. Since Ms. Cullen does not yet possess the experience of the partners, her time expended on this case will be approved at a hourly rate of $125. The Court considers $60 to be a reasonable hourly rate for the paralegals.

Accordingly, the lodestar should be $4,001.50 [ (12.2 hours × $150/hour) + (16.7 hours × $125/hour) + (1.4 hours × $60/hour) ].

Plaintiff further requests that this Court enhance the newly calculated lodestar by a multiplier "to encourage future cost [sic] free litigation to consumers and discourage manufacturers from stonewalling settlement negotiations and otherwise turning a deaf ear to consumers with warranty claims in this Commonwealth." Pl. Pet. at 2. Neither the opposing counsel's conduct during this litigation nor the plaintiff's counsel's unexceptional performance favor an upward adjustment. *See Brady v. American Honda Motor Co. Inc.,* C.A.No. 94–0768, 1995 WL 286726, at * 3 (E.D.Pa. May 9, 1995) ("the quality of service rendered was not superior … and the success was not exceptional."). This case is a routine, "garden variety" breach of warranty claim in which no multiplier is appropriate.

■■ Instead, this Court will further reduce the lodestar by twenty-five percent, or $1000.37, to reflect the plaintiff's limited success in this action. In *Hensley,* the Supreme Court explained that "the most critical factor" in adjusting the lodestar figure is the degree of the plaintiff's success. *Hensley,* 461 U.S. at 436, 103 S.Ct. at 1941. In this case, plaintiff only recovered a small percentage of the judgment she originally sought in her complaint. Therefore, this downward adjustment of the lodestar more accurately reflects a reasonable fee in light of plaintiff's degree of success.

■ As a final matter, plaintiff's counsel seeks $662.50 in costs, $455.00 of which represents expert fees. In response, defendant argues that none of the statutes involved in this fee petition allows for a recoupment of expert fee costs. In support of its argument, defendant relies on two Supreme Court cases, *West Virginia University Hospitals, Inc. v. Casey,* 499 U.S. 83, 86, 111 S.Ct. 1138, 1140–41, 113 L.Ed.2d 68 (1991) and *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 439, 107 S.Ct. 2494, 2496, 96 L.Ed.2d 385 (1987), which both state that absent "explicit statutory authority to the contrary," fees for services rendered in civil rights litigation may not be shifted to the losing party as part of "a reasonable attorney's fee." Although these cases have been recently superseded by the Civil Rights Act of 1991,[1] defendant nevertheless applies their directive to the instant action.

The Court does agree that like the Pennsylvania Lemon Law, which allows for the recoupment of "all court costs," neither the Magnuson–Moss Act nor the Unfair Trade Practices Law explicitly provides for expert fees in connection with litigation. As stated previously, the Magnuson–Moss Act allows "a sum equal to the aggregate amount of costs and expenses determined by the court

---

1. *See* 42 U.S.C. § 1988(c): "In awarding an attorney's fee under subsection (b) of this section in any action or proceeding to enforce a provision of section 1981 or 1981a of this title, the court, in its discretion, may include expert fees as part of the attorney's fee."

**216**

to have been reasonably incurred," while the Unfair Trade Practices Law provides for "additional relief as [the Court] deems necessary and proper." However, since this district has previously interpreted the "all court costs provision" of the Lemon Law to include expert witness fees,[2] this Court will also read both the Magnuson–Moss Act and the Unfair Trade Practices Law broadly to include expert fees for purposes of this fee petition. *See Brady,* 1995 WL 286726 (E.D.Pa. May 9, 1995) (Huyett, J.) and *Burns v. Chevrolet Motor Division,* C.A.No. 96–2697, 1997 WL 126731 (E.D.Pa. March 13, 1997) (McGlynn, J.). Plaintiff will receive the requested $662.50 in costs, representing reasonable expenses incurred during this litigation.

Accordingly, this Court will grant plaintiff's petition for fees and costs to the extent that plaintiff's counsel will receive a total award of $3,663.63 from defendant.

---

**2.** *See McClelland v. Hyundai Motor America,* 851 F.Supp. 677, 679 n. 3 (E.D.Pa.1994) ("The 'all court costs' provision of the Lemon Law includes all reasonable expert witness fees and the other claimed expenses.").