**Scott CONNER, Appellant,**

v.

**DAIMLERCHRYSLER CORPORATION,
Appellee.**

Superior Court of Pennsylvania.

Argued Dec. 4, 2002.

Filed March 18, 2003.

---

Michael D. Power, Glen Mills, for appellant.

Stephen Poljack, Pittsburgh, for appellee.

BEFORE: HUDOCK, TODD, and GRACI, JJ.

OPINION BY GRACI, J.:

¶ 1 This is an appeal from the order entered on April 19, 2002, denying Appellant, Scott Conner's, (hereinafter "Conner") motion for award of counsel's fees in the Court of Common Pleas of Allegheny County. Upon review, we affirm the order of the trial court.

## I. FACTUAL AND PROCEDURAL HISTORY

¶ 2 We adopt the following factual and procedural history as stated by the trial court:

> [Conner] instituted this action through a complaint in arbitration based on his purchase of an allegedly defective used vehicle and [DaimlerChrysler's] failure to correct the defects. Count I of the complaint is a claim under the Magnuson–Moss Warranty Act to recover an amount equal to the price of the vehicle, collateral charges, and *attorneys' fees.* Count II is a breach of warranty claim to recover an amount equal to the purchase price of the vehicle plus all available collateral charges and *attorneys' fees.* Count III is a claim under the Unfair Trade Practices and Consumer Protection Law to recover three times the purchase price of the vehicle plus all available collateral charges and *attorneys' fees.* [DaimlerChrysler] filed an answer and new matter which includes an assertion that [Conner's] complaint fails to state a claim for which any attorneys' fees may be awarded.

Memorandum, 5/30/02, at 1 (emphasis added).

¶ 3 On February 15, 2002, a compulsory arbitration hearing was held and the board of arbitrators awarded the sum of $2,000 to Conner. Neither party filed an appeal. On April 1, 2002, Conner filed a Motion for an Award of Attorneys' Fees and Court Costs. Argument thereon was scheduled for April 19, 2002. DaimlerChrysler filed its response to this motion on April 16, 2002. In its response, DaimlerChrysler disputed some of the factual assertions made in Conner's motion. Nonetheless, Conner never sought a hearing on these contested points. Argument was had on the motion on April 19, 2002, after which the motion was denied. The trial court determined that it could not award attorneys' fees in this case since Conner had not pursued such fees before the arbitration board. Memorandum, 5/30/02, at 3.

¶ 4 Conner timely filed his notice of appeal and now raises the following issues:

A. Did the lower court err in [*sic*] when it ruled that [Conner] was barred from filing a motion for an award of attorneys' fees and costs in the trial court after successfully prevailing on a breach of warranty claim pursuant to 13 P.S. § 1101 *et seq.*, and the Magnuson–Moss Federal Trade Commission Warranty Act, 15 U.S.C. § 2301 *et seq?*

B. Did the lower court err when it denied [Conner's] Motion For An Award of Attorneys' Fees and Costs based upon the case of *Terrick v.*

*PNC National Bank,* 150 P.L.J. 27 (2001).

Brief for Appellant, at 4.

## II. DISCUSSION

■ ¶ 5 We begin by stating that "we will reverse a trial court's decision regarding whether to vacate an arbitration award only for an abuse of discretion or error of law." *Cerankowski v. State Farm Mut. Auto. Ins. Co.,* 783 A.2d 343, 345 (Pa.Super.2001). First, Conner argues that the trial court erred when it denied his motion for fees and costs. Brief for Appellant, at 10. We disagree.

■ ¶ 6 Compulsory arbitration is governed by 42 Pa.C.S.A. § 7361. We have previously recognized that "[t]he expeditious disposition of pending litigation is the overall objective of compulsory arbitration." *McGonigle v. Currence,* 387 Pa.Super. 511, 564 A.2d 508, 510 (1989). Section 7361 provides, in pertinent part:

(a) **General rule.**—Except as provided in subsection (b), when prescribed by general rule or rule of court such civil matters or issues therein as shall be specified by rule shall first be submitted to and heard by a board of three members of the bar of the court.

\* \* \*

(c) **Procedure.**—The arbitrators appointed pursuant to this section shall have such powers and shall proceed in such manner as shall be prescribed by general rules.

(d) **Appeal for trial de novo.**—Any party to a matter shall have the right to appeal for trial de novo in the court. The party who takes the appeal shall pay such amount or proportion of fees and costs and shall comply with such other procedures as shall be prescribed by general rules. In the absence of appeal the judgment entered on the award of the arbitrators shall be enforced as any other judgment of the court. For the purposes of this section and section 5571 (relating to appeals generally) an award of the arbitrators constitutes an order of a tribunal.

42 Pa.C.S.A. § 7361(a), (c) and (d).

¶ 7 Pursuant to the authority granted to it by section 7361, the Supreme Court has promulgated a series of rules of civil procedure governing matters falling within the ambit of compulsory arbitration.[1] *See* Pa.R.C.P. 1301–1315. Under these rules, the board of arbitrators are to conduct arbitration hearings as a judge would conduct a trial without a jury. Pa.R.C.P. 1304. *See also* Pa.R.C.P. 1038. The board rules on legal matters as well as factual matters, as would a judge sitting without a jury. Pa.R.C.P. 1305 (a)("Rulings on objections to evidence *or on other issues* which arise during the hearing shall be made by a majority of the board.") (emphasis added). The board is required to "make an award promptly upon termination of the hearing." Pa.R.C.P. 1306. That "award shall dispose of all claims for relief[.]" *Id.*

¶ 8 Conner sought, *inter alia,* attorneys' fees in his complaint. This claim was not presented to the board of arbitrators, however. Conner argues that he was not required to submit this claim to the board and that the trial court should have granted the motion for attorneys' fees he filed in

1. See also Article V, Section 10 of the Constitution of the Commonwealth of Pennsylvania vesting rule making authority in the Supreme Court of Pennsylvania. Pa. Const., art. V, § 10.

the common pleas court after the time to appeal the arbitrator's award had expired. The trial court disagreed, however, concluding that Conner was required to first present his claim for attorneys' fees to the board of arbitrators. Memorandum, 5/30/02, at 3.

¶ 9 This appears to be an issue of first impression for the appellate courts of the Commonwealth. The lower federal courts have addressed (and granted) claims for attorneys' fees after arbitration proceedings under the federal counterpart to section 7361 in cases arising under the Magnuson–Moss Federal Trade Commission Warranty Act ("Magnuson–Moss Act"), 15 U.S.C. §§ 2301 *et seq.*, Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("Consumer Protection Law"), 73 P.S §§ 201–1 *et seq.*, and Pennsylvania's U.C.C., 13 P.S. §§ 1101 *et seq. See Walsh v. Chrysler Corp.*, 1997 WL 732459 (E.D.Pa., November 26, 1997); *Hall v. American Honda Motor Co., Inc.*, 1997 WL 732458 (E.D.Pa., November 24, 1997); and *Hines v. Chrysler Corp.*, 971 F.Supp. 212 (E.D.Pa.1997). Those cases, however, did not squarely address the issue presented here (and to the learned trial court below, the Honorable Stanton R. Wettick, Jr. of the Court of Common Pleas of Allegheny County). They appear to have assumed that claims for attorneys' fees were to be presented to the district court after the arbitration proceedings were concluded. *See, e.g., Walsh,* at *1 ("in accordance with normal practice, it appears that the issue of fees was never raised at the arbitration hearing[ ]"); *Hines,* at 213 (since parties failed to agree on the amount of reasonable attorneys' fees court had to decide). These cases, therefore, provide little, if any, guidance on the question presented here, since it was not clearly presented in those cases.

¶ 10 To be sure, both the Magnuson–Moss Act and the Consumer Protection Law specifically allow for an award of attorneys' fees. The Magnuson–Moss Act provides, in pertinent part:

if a consumer finally prevails in any action brought under paragraph (1) of this subsection, he may be *allowed by the court* to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses (including attorneys' fees based on actual time expended) *determined by the court* to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action *unless the court* in its discretion shall determine that such an award of attorneys' fees would be inappropriate.

15 U.S.C. § 2310(d)(2)(emphasis added). The Consumer Protection Law provides, in pertinent part:

*The court* may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100), and may provide such additional relief as it deems necessary or proper. *The court* may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees.

73 P.S. § 201–9.2(a) (emphasis added). Conner argues that he may seek attorneys' fees from the board of arbitrators, but that he is not required to do so. Brief for Appellant, at 11. Like the trial court, we disagree.

¶ 11 Each of Conner's claims requested relief including attorneys' fees. He did not present any claim for such fees to the board of arbitrators, however. Conner was awarded $2,000 by the arbitration panel. He did not seek a trial de novo. Later Conner sought attorneys' fees and costs from the court of common pleas. The issue of attorneys' fees was not pre-

sented before the arbitration panel. There is no reason why the attorneys' fees question could not have been presented to the arbitration board. The compulsory arbitration statute could not be clearer in mandating that "matters or issues" subject to compulsory arbitration "*shall* first be submitted to and heard by a board" of arbitrators. 42 Pa.C.S.A. § 7361(a) (emphasis added). Under the Supreme Court's rules, the board is required to rule on all issues and dispose of all claims. Pa.R.C.P. 1304 and 1306. *See also* 42 Pa.C.S.A. § 7361(c).

■ ¶ 12 An argument similar to Conner's was made and rejected in *Haug v. Toyota Motor Sales, USA, Inc.,* 944 F.Supp. 421, 421–422 (E.D.Pa.1996).[2] In *Haug,* a consumer plaintiff was successful on a claim brought under the Consumer Protection Law. The plaintiff in *Haug* was awarded $3,000 by the federal arbitration panel. Neither party sought a trial de novo and judgment was entered for the plaintiff as provided by federal law. The plaintiff later sought to triple the damage award under section 9.2 of the Consumer Protection Law. That law provides, in pertinent part:

> *The court* may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100), and may provide such additional relief as it deems necessary or proper.

73 P.S. § 201–9.2(a) (emphasis added).[3] The district court rejected this argument and denied relief, concluding that the request for treble damages had to first be presented to the arbitrators, subject to appeal and trial de novo. The district court explained:

plaintiff argues that since the [Consumer Protection Law] provides for "the court" to treble any damages, the arbitration panel cannot pass upon this issue because it is not "the court." We are not persuaded. While the panel may not be a court, it takes the place of a court initially in certain types of cases and acts like a court in a non-jury action. In carrying out its responsibilities, the panel routinely undertakes "court" functions. The arbitrators in every case not only decide questions of fact and the amount of damages, if any, but also rule on the admissibility of evidence and resolve issues of law. The matter of enhancement of damages is no less a proper issue for the arbitrators than is compensatory damages or any other legal or factual matter. If arbitrators did not function as they do, [compulsory] arbitration would be meaningless and unworkable. In sum, we can think of no reason why the enhancement of damages under the [Consumer Protection Law] should be treated any differently than other questions that arbitrators customarily decide in a case.

*Haug,* at 422. For like reasons, we reject Conner's argument. Under Pennsylvania's compulsory arbitration system, all claims subject to such arbitration must first be presented to the board of arbitrators. The board must rule on the issue and dispose of the claim. Like the district court in *Haug,* we can think of no reason why the question of attorneys' fees should be treated any differently than other questions that arbitrators customarily decide in a case.

**2.** We note that although we are not bound by the decisions of the inferior federal courts, *Lilley v. Johns–Manville Corp.,* 408 Pa.Super. 83, 596 A.2d 203, 210 (1991), we find its reasoning of *Haug* persuasive on this issue.

**3.** The provision of the Consumer Protection Law at issue in *Haug* immediately precedes the provision at issue in the case *sub judice.*

¶ 13 We agree with the learned trial court that adopting a system suggested by Conner would defeat the overall objective of compulsory arbitration which, as we recognized above, is the expeditious disposition of pending litigation. Memorandum, 5/30/02, at 4.[4] The same considerations guided the district court in *Haug* where the court explained, "[t]he federal arbitration scheme is designed 'to encourage prompt, informal and inexpensive resolution of civil cases.'" *Id.* at 422 (quoting H.R.Rep. No. 889, 100th Cong., 2d Sess. (1988), *reprinted in* 1988 U.S.C.C.A.N. 5982, 5991).[5]

¶ 14 Conner also argues that until the time to appeal the decision of the board of arbitration has expired, a consumer plaintiff under the Magnuson–Moss Act cannot be said to have "finally prevail[ed]." Brief for Appellant, at 12–13. We also reject this argument. When a board of arbitrators issues its award and disposes of the claims before it, its decision is final unless and until it is appealed. *See* 42 Pa.C.S.A. § 7361(d) ("In the absence of appeal the judgment entered on the award of the arbitrators shall be enforced as any other judgment of the court."). If it is not appealed, judgment may be entered upon the award by praecipe. Pa. R.C.P. 1307. When a board disposes of a claim under the Magnuson–Moss Act or the Consumer Protection Law and the consumer prevails, the arbitrators may then consider a statutory claim for attorneys' fees just as it may consider a

statutory claim for treble damages. *Haug.* The board would apply the law with respect to calculation of attorneys' fees as would a court, after being presented with proper proofs. *See Croft v. P & W Foreign Car Service, Inc.,* 383 Pa.Super. 435, 557 A.2d 18 (1989). If a consumer plaintiff is dissatisfied with any attorneys' fees awarded (or any other part of the arbitrator's award), he or she may appeal that award along with the remainder of the award. Pa.R.C.P. 1309 (any appeal of arbitration award deemed to include all issues unless otherwise stipulated in writing by parties). If the award is appealed, the consumer plaintiff starts anew. Pa. R.C.P. 1311 (on appeal, "[t]he trial shall be de novo"). The plaintiff is not limited in submitting his or her evidence at the trial de novo and may submit evidence whether or not it was submitted before the arbitrators. *Weber v. Lynch,* 473 Pa. 599, 375 A.2d 1278 (1977); *Cellutron Products Corp. v. Stewart,* 223 Pa.Super. 391, 300 A.2d 900 (1972).[6] The language of the Magnuson–Moss Act, therefore, does not preclude an arbitration board from assessing attorneys' fees when allowed by statute.

¶ 15 Accordingly, we agree with the learned trial court that a board of arbitrators is to consider all claims, including statutory claims for attorneys' fees, when requested and permitted. *Id.* at 3. Conner was required to request attorneys' fees

---

4. We likewise agree with the trial court that the system proposed by Conner "'creates obvious problems with respect to when the appeal period begins to run.'" Memorandum, 5/30/02, at 4 (quoting *Terrick v. PNC Bank,* 150 P.L.J. 27 (2001)).

5. We also agree with the trial court that it could not properly decide an attorney's fee claim without retrying the underlying case and that such a "two-step proceeding" is not

what the Legislature intended in establishing a system of compulsory arbitration. Memorandum, 5/30/02, at 3–4 (quoting *Terrick v. PNC Bank,* 150 P.L.J. at 28).

6. Presumably, a plaintiff in appealing an award by the arbitrators could introduce evidence to support a claim for attorneys' fees even if he or she introduced no evidence on that claim before the board of arbitrators.

from the arbitration panel, 42 Pa.C.S.A. § 7361(a), and thus, because of his failure to do so and by failing to seek a trial de novo, he waived his right to request them from the trial court.

¶ 16 Lastly, Conner, in his brief, raises an issue regarding the past course of dealings between his counsel and counsel for DaimlerChrysler in an apparent attempt to support his argument that the lower court erred in barring his claim for attorneys' fees. Brief for Appellant, at 15–18. He contends that he has previously sought attorneys' fees in these types of cases by filing a motion with the trial court after the arbitrators have issued their award. *Id.* at 15–16. He argues that this is how the process works in many judicial districts of the Commonwealth. *Id.* at 16. He made these same claims in his motion filed in the trial court. Plaintiff's Motion for an Award of Attorneys' Fees and All Court Costs, 4/1/02, at 3–4. He also alleged that he had advised counsel for DaimlerChrysler that he would not be appealing but would be seeking attorneys' fees. *Id.* at 2. In its response, DaimlerChrysler disputed some of Conner's claims. Response to Plaintiff's Petition for Counsel Fees, 4/16/02, at 1–2. Conner's motion was scheduled for argument. Docket Entries, 4/1/02, at 2. Despite these contradictory allegations, Conner did not seek a hearing to resolve these disputed factual averments. The certified record does not include a transcript of the argument on Conner's motion for attorneys' fees. Therefore, we have no findings by the trial court on which to evaluate this argument. Apparently recognizing the lack of the necessary record, Conner now seeks a remand for a hearing on his motion. This request we refuse.

¶ 17 We first observe that it is not the function of an appellate court to make factual determinations. *See, e.g., Commonwealth v. Kennerly,* 269 Pa.Super. 404, 410 A.2d 319, 320 (1979) (credibility determination is for the trier of fact and not the function of appellate court). Moreover, " '[i]t is the obligation of the appellant to make sure that the record forwarded to an appellate court contains those documents necessary to allow a complete and judicious assessment of the issues raised on appeal.' " *Everett Cash Mut. Ins. Co. v. T.H.E. Ins. Co.,* 804 A.2d 31, 34 (Pa.Super.2002) (quoting *Hrinkevich v. Hrinkevich,* 450 Pa.Super. 405, 676 A.2d 237, 240 (1996)) (citation omitted). Other than Conner's arguments, we are unable to determine what transpired at the argument on his attorneys' fees motion. We know from his opinion and order that the trial court denied the motion, but we have no record as to what was presented at the argument. We cannot tell whether or not a request for a hearing on these contested points was made. Nor do we have any way of knowing the trial court's response, if any, to such a request. While this issue was apparently presented to the trial court, "[t]he record in this case does not contain the facts necessary to evaluate the validity of appellant's argument on this issue . . . ." *Dollar Bank v. Swartz,* 540 Pa. 369, 657 A.2d 1242, 1245 (1995) (relying on Pa.R.A.P 302, 2117(c) and 2119(c)). As it appears that this contention was not "considered in the trial court," we cannot consider it on appeal. *Id.* (quoting *Commonwealth, Dep't of Transportation v. Boros,* 533 Pa. 214, 620 A.2d 1139, 1143 (1993)). Accordingly, since this claim has not been properly preserved for appeal, Pa.R.A.P. 302(a)(issues on appeal must be properly raised and preserved in trial court or they are waived on appeal), we

will not address it.[7]

¶ 18 Order affirmed.

---

7. Moreover, even if the facts are as Conner asserts, they entitle him to no relief. As we have already determined, Conner was required to initially litigate his claim for attorneys' fees, along with the remainder of his claims, before the board of arbitrators, and then to appeal the award if he was dissatisfied. That is what the compulsory arbitration statute and the Supreme Court's rules require. This, however, he failed to do. It is irrelevant that opposing counsel may have stipulated to attorneys' fees after an arbitration award in other cases or that there was no objection to prior attorneys' fees motions in other cases or other counties. Parties may always agree to a claim and how it will be resolved. Failure to raise a proper objection in another case does not preclude such an objection later, however.