J-A15035-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| NICHOLAS POULIDES, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| AMERICAN THEATRE ARTS FOR YOUTH, INC. AND LAURIE WAGMAN, | |
| Appellees | Nos. 2586 EDA 2013 |

Appeal from the Judgment Entered July 23, 2013
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 120501883

BEFORE: PANELLA, J., LAZARUS, J., AND JENKINS, J.

MEMORANDUM BY: JENKINS, J.                    **FILED SEPTEMBER 12, 2014**

The issue in this appeal is whether the lower court abused its discretion in denying attorney fees to Nicholas Poulides after Poulides prevailed in his action under the Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1 *et seq*. We conclude that the court properly denied attorney fees to Poulides, and we affirm.

Poulides filed an action under the civil remedy section of the WPCL, 43 P.S. § 260.9a, against his employer, American Theater Arts for Youth, Inc. ("American Theatre") and its president, Laurie Wagman, seeking unpaid wages of $35,000.00, liquidated damages[1] of $8,750.00 and attorney fees.

---

[1] The WPCL defines the plaintiff's right to recover liquidated damages as follows:

1

Since Poulides demanded less than $50,000.00, the case proceeded to compulsory arbitration. The board of arbitrators awarded Poulides $4,902.03 in unpaid wages. Poulides did not request attorney fees during the arbitration, and neither side took a *de novo* appeal from the award of the board of arbitrators to the trial division of the Court of Common Pleas.

After the 30-day appeal period expired, Poulides reduced the award to judgment. Seven days later, Poulides filed a bill of costs seeking $27,000 in attorney fees under the fee-shifting provision of the WPCL, 43 P.S. § 260.9a(f)[2]. American Theatre and Wagman filed exceptions to Poulides' bill

---

> Where wages remain unpaid for thirty days beyond the regularly scheduled payday, or, in the case where no regularly scheduled payday is applicable, for sixty days beyond the filing by the employe of a proper claim or for sixty days beyond the date of the agreement, award or other act making wages payable, or where shortages in the wage payments made exceed five percent (5%) of the gross wages payable on any two regularly scheduled paydays in the same calendar quarter, and no good faith contest or dispute of any wage claim including the good faith assertion of a right of set-off or counter-claim exists accounting for such non-payment, the employe shall be entitled to claim, in addition, as liquidated damages an amount equal to twenty-five percent (25%) of the total amount of wages due, or five hundred dollars ($500), whichever is greater.

43 P.S. §260.10. This appeal does not involve any issues concerning liquidated damages.

[2] Section 260.9a(f) provides: "The court in any action brought under this [civil remedy] section [of the WPCL] shall, in addition to any judgment

of costs claiming that Poulides was not entitled to attorney fees, and the prothonotary sustained these exceptions. Poulides appealed the prothonotary's decision by filing a motion in the Motions Court of the Civil Division of the Court of Common Pleas. The Motions Court affirmed the prothonotary's decision denying attorney fees, and Poulides filed a timely appeal to this Court.

Poulides filed a timely 5-page Pa.R.A.P. 1925(b) statement in which he raised 3 issues:

1. The prothonotary erred in stating it did not have the power to tax counsel fees.

2. If the failure to award fees by either the prothonotary or this Honorable Court was due to timeliness of the application for fees, such was error.

3. This Honorable Court should have determined and awarded reasonable fees upon plaintiff's appeal of the bill of costs order.

The Motions Court issued a Pa.R.A.P. 1925(a) opinion stating that Poulides waived all issues because his concise statement was excessively long: "[Poulides'] 1925(b) Statement is five (5) pages long, yet manages to raise three (3) issues. . . [Poulides'] inability to comply with Pa. R.A.P. 1925(b) has precluded this Court from providing a clear and meaningful review of its claims." Despite this alleged deficiency, the Motions Court went on to review the merits of the issues.

_____

awarded to the plaintiff or plaintiffs, allow costs for reasonable attorneys' fees of any nature to be paid by the defendant."

3

We first address the Motions Court's conclusion that Poulides waived all issues in his Pa.R.A.P. 1925(b) statement. Waiver issues such as this are issues of law; thus, our standard of review is *de novo*. ***Pocono Manor Investors, LP v. Pennsylvania Gaming Control Board***, 927 A.2d 209, 216 (Pa.2007).

In view of our recent decision in ***Maya v. Johnson & Johnson McNeil–PPC, Inc.***, -- A.3d --, 2014 WL 3586390 (Pa.Super., July 22, 2014), we disagree with the Motions Court's conclusion that Poulides waived the issues articulated in his Pa.R.A.P. 1925(b) statement. In ***Maya***, the trial court determined that the appellant waived all issues on appeal because his Pa.R.A.P. 1925(b) statement was 11 pages long with 23 paragraphs and "numerous subparagraphs." Judge Ford Elliott, joined by Judges Wecht and Musmanno, disagreed, reasoning:

> The trial court advocates waiver, citing this court's decision in ***Kanter v. Epstein***, 866 A.2d 394 (Pa.Super.2004), ***appeal denied***, 880 A.2d 1239 (Pa.2005), ***cert. denied, Spector, Gadon & Rosen, P.C. v. Kanter***, 546 U.S. 1092 (2006), in which this court held that where an appellant's concise statement raises an unduly large number of issues (104 in ***Kanter***), the purpose of Rule 1925 is effectively subverted. However, Rule 1925(b) was revised in 2007 and now states, 'Where non-redundant, non-frivolous issues are set forth in an appropriately concise manner, the number of errors raised will not alone be grounds for finding waiver.' Pa.R.A.P. 1925(b)(4)(iv). In addition, in ***Eiser v. Brown & Williamson Tobacco Corp.***, 938 A.2d 417 (Pa.2007) (plurality), our Supreme Court held that a litigant will not suffer the loss of appellate review due to the volume of issues raised in the

4

absence of bad faith. The *Eiser* court also distinguished *Kanter* on the basis that *Kanter* was a relatively straightforward breach of contract action while the lawsuit in *Eiser* was a complicated one with a voluminous record. The court in *Eiser* observed that 'on rare occasions a party may, in good faith, believe that a large number of issues are worthy of pursuing on appeal.' *Id.* at 427 (footnote omitted). Instantly, as in *Eiser,* the subject lawsuit is complex and the record contains thousands of pages of testimony. Furthermore, there is no evidence of bad faith or an attempt to thwart the appellate process. We note that McNeil did winnow down the number of issues actually argued in its brief on appeal. Therefore, we decline to find waiver.

*Id.*, 2014 WL at 3586390, *4, n. 4. Poulides' Pa.R.A.P. 1925(b) statement is far more concise than the 11-page, 23-paragraph Pa.R.A.P. 1925(b) statement that the *Maya* court found acceptable. Poulides raises only three non-redundant, non-frivolous issues and describes each issue in detail in his Pa.R.A.P. 1925(b) statement. His statement does not impede appellate review.

Turning to the merits of this appeal, we review a trial court's determination regarding the award of attorney fees for an abuse of discretion. *Kraft v. Downey*, 68 A.3d 329, 332 (Pa.Super.2013) (citation omitted). An abuse of discretion requires more than a difference of opinion as to the conclusion reached; rather, discretion is abused "if in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record." *Id.* at 332-33.

5

Relying on **Connor v. DaimlerChrysler Corp.**, 820 A.2d 1266 (Pa.Super.2003), the Motions Court held that Poulides forfeited his right to obtain attorney fees by failing to request them during compulsory arbitration and failing to file a *de novo* appeal from the arbitrators' award. We agree with the Motions Court's analysis. The plaintiff in **Connor** filed a compulsory arbitration action under the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 *et seq.*, and the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), but he failed to request attorney fees during the arbitration. The arbitration panel awarded him $2,000, and neither side appealed. The plaintiff then filed a motion seeking attorney fees under the MMWA[3] and the UTPCPL[4]. The Court of Common Pleas of Allegheny County ruled against plaintiff, and this Court affirmed. We determined that the term "court" in the MMWA and UTPCPL includes arbitration boards, since

---

[3] The MMWA provides in relevant part: "If a consumer finally prevails in any action brought under paragraph (1) of this subsection, he may be allowed by *the court* to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses (including attorneys' fees based on actual time expended). . ." 15 U.S.C. § 2310(d)(2) (emphasis added).

[4] The UTPCPL states in relevant part:

> The court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100), and may provide such additional relief as it deems necessary or proper. *The court* may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees.

73 P.S. § 201-9.2(a) (emphasis added).

6

arbitration boards "routinely undertake[] 'court' functions" such as admission of evidence, resolution of factual questions and assessment of damages. *Id*., 820 A.2d at 1271. No reason existed to treat the question of attorney fees differently from any other question that arbitrators customarily decide in a case. *Id.* Therefore, the plaintiff waived his right to attorney fees by failing to request them before the arbitration board or to appeal *de novo* to the Court of Common Pleas. *Id*. at 1270-71.

*Connor's* reasoning applies to this case, because the statutes that *Connor* construed are similar to the WPCL. The WPCL, as stated above, provides that "*the court*" shall allow reasonable attorney fees in addition to any judgment awarded under the WPCL's civil remedy statute. 43 P.S. § 260.9a(f). In view of *Connor's* determination that "court" includes arbitration boards, Poulides was required either to request attorney fees before the arbitration board or to appeal *de novo*[5] to the Court of Common Pleas. *Connor*, *supra*, at 1270-71. His failure to take either step precludes him from recovery of attorney fees.

---

[5] The Rules of Civil Procedure define a *de novo* appeal from the board of arbitrators in a compulsory arbitration case as follows: "An appeal by any party shall be deemed an appeal by all parties as to all issues unless otherwise stipulated in writing by all parties." Pa.R.Civ.P. 1309. The trial "shall be *de novo*." Pa.R.Civ.P. 1311(a). During trial, the WPCL plaintiff bears the burden of proving unpaid wages and liquidated damages and must also request attorney fees at a timely juncture in the trial process. This case does not call upon us to decide the point in *de novo* trial proceedings when the plaintiff must request WPCL attorney fees.

7

We note that in two decisions, one of which post-dates **Connor**, our Supreme Court has construed a statute's use of "court" as synonymous with "judge". **See Mishoe v. Erie Ins. Co.**, 824 A.2d 1153 (Pa.2003); **Wertz v. Chapman Township**, 741 A.2d 1272 (Pa.1999). In **Mishoe**, for example, the Court held that there was no right to a jury trial in a bad faith insurance action under 42 Pa.C.S.A. § 8371. Section 8371 provides that "[i]n an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may" award interest, punitive damages, and court costs and fees. 42 Pa.C.S.A. § 8371 (emphasis added). **Mishoe** reasoned that there was no right to a jury trial because the legislature chose the term "court" instead of "jury." **Id**., 824 A.2d at 1156. The **Mishoe** court gathered multiple authorities for the proposition that "court" and "judge" "are essentially synonymous for purposes of section 8371," and that "'court' is a concept that is meant to be limited to judges." **Id**. at 1157-58 & n. 5, 7.

But while **Mishoe** deems "court" and "judge" synonymous, it does not address whether "court" and "arbitration board" are also synonymous, the issue resolved in **Connor**. Therefore, **Connor** continues to remain good law notwithstanding the decision in **Mishoe**.

Poulides also argues that the Motions Court could have awarded attorney fees following his appeal from the Prothonotary's decision to reject the demand for attorney fees in his bill of costs. We agree with the Motions

8

Court that under **Connor**, an appeal from the prothonotary is not the proper procedure for obtaining attorney fees in a WPCL action that begins as an arbitration action. In such circumstances, **Connor** requires the WPCL plaintiff to seek attorney fees either before the arbitration panel or in a *de novo* appeal from the arbitration board to the trial division. Since Poulides failed to take either step, he waived his right to attorney fees.

Order denying attorney fees affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/12/2014