J-S13014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| HARVEY H. FLYNN AND SHARON H. FLYNN, HUSBAND AND WIFE | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | : : | |
| v. | : : | |
| GEORGE G. ZAWILLA AND BONNIE ZAWILLA, HUSBAND AND WIFE, T/D/B/A GORILLA BUILT AND T/D/B/A GORILLA CONSTRUCTION AND T/D/B/A GORILLA CONTRACTING | : : : : : : : | |
| Appellants | : | No. 917 WDA 2017 |

Appeal from the Judgment Entered May 30, 2017
In the Court of Common Pleas of Allegheny County
Civil Division at No(s):  GD 14-019000

BEFORE:  GANTMAN, P.J., SHOGAN, J., and MUSMANNO, J.

JUDGMENT ORDER BY GANTMAN, P.J.:                **FILED JUNE 12, 2018**

Appellants, George G. Zawilla and Bonnie Zawilla, husband and wife, t/d/b/a Gorilla Built and t/d/b/a Gorilla Construction and t/d/b/a Gorilla Contracting, appeal from the judgment entered against them in a breach of contract action.  On February 24, 2012, Appellants and Appellees entered into a home construction contract.  On October 15, 2014, Appellees filed a complaint against Appellants for breach of contract and violation of the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. §§ 201-1 *et seq*., for double charging for additions and modifications to the original project design and performing deficient and incomplete work.  Appellants filed

an answer, new matter, and counterclaim on December 19, 2014, alleging Appellees breached the February 24, 2012 contract. The court held a bench trial from March 20, 2017 to March 23, 2017. On April 21, 2017, the court entered a verdict in favor of Appellees on all breach of contract claims in the amount of $49,474.00, and denied relief on Appellees' UTPCPL claims. Appellants timely filed a post-trial motion on April 28, 2017. The court held a hearing on May 23, 2017, and denied Appellants' post-trial motion on May 25, 2017. On May 30, 2017, the court entered judgment on the verdict in favor of Appellees. Appellants timely filed a notice of appeal on June 23, 2017. The court, on June 29, 2017, ordered Appellants to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); Appellants timely complied on July 17, 2017. Appellants' issues on appeal include: (1) the court's verdict on the breach of contract claims lacked sufficient evidence and (2) the court erred when it found Bonnie Zawilla, Gorilla Contracting, and Zawilla Construction were parties to the contract.

As a prefatory matter, the appellant has the responsibility to provide a complete record for review. **Conner v. DaimlerChrysler Corp.**, 820 A.2d 1266 (Pa.Super. 2003). This Court is limited to considering only those materials which have been certified in the record on appeal. Pa.R.A.P. 1921; As a general rule, if a claim is dependent upon materials which are not included in the certified record, then the claim is waived. **Stewart v. Owens-Corning Fiberglas**, 806 A.2d 34 (Pa.Super. 2002). This Court has said:

> With regard to missing transcripts, the Rules of Appellate Procedure require an appellant to order and pay for any transcript necessary to permit resolution of the issues raised on appeal. Pa.R.A.P. 1911(a). … When the appellant…fails to conform to the requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review.

*Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa.Super. 2006) (*en banc*), *appeal denied*, 591 Pa. 663, 916 A.2d 632 (2007). The appellant has the duty to take the affirmative steps to secure the transcripts necessary to resolve the issues raised on appeal. *Commonwealth v. Houck*, 102 A.3d 443 (Pa.Super. 2014). Upon failure of the appellant to take any steps to secure the transcripts, we can deem the dependent issue(s) waived. *Id.*

Instantly, the court entered judgment in favor of Appellees on their breach of contract claims. Appellants timely appealed but did not order and pay for the trial transcripts to ensure we had a complete record needed for review of their issues. Nothing in the certified record or on appeal indicates the transcripts are even available. Although Appellants insist the transcripts are unnecessary, we disagree and deem their issues waived for appeal. *See Preston, supra*; *Conner, supra*. Accordingly, we affirm. *See In re K.L.S.*, 594 Pa. 194, 934 A.2d 1244 (2007) (noting if appellant waives issues on appeal, then we should affirm trial court's decision rather than quash appeal). Due to our disposition, we deny Appellees' open motion to dismiss as moot.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/12/2018