540 A.2d 311

**Kalani J. LOPA, Appellant,**

**v.**

**Maureen McGEE and Charles J. McGee.**

Superior Court of Pennsylvania.

Argued Feb. 9, 1988.

Filed April 13, 1988.

William M. Cowan, Fairless Hills, for appellant.

James J. Auchinleck, Jr., Newtown, for appellees.

Before CIRILLO, President Judge, and TAMILIA and HESTER, JJ.

CIRILLO, President Judge:

This is an appeal from a judgment entered in the Court of Common Pleas of Bucks County in favor of appellees Maureen and Charles McGee and against appellant Kalani J. Lopa.

On September 16, 1983, Mr. Lopa filed a complaint in trespass against Maureen and Charles McGee seeking to

recover for personal injuries and property damage which he suffered as a result of a motor vehicle accident on October 17, 1982. Mr. McGee filed a counterclaim to recover property damages arising out of the same incident. The accident occurred at the intersection of Trenton Road and Forsythia Drive South in Levittown, Bucks County. Mr. Lopa and Ms. McGee were approaching the intersection from opposite directions on Trenton Road. As Mr. Lopa proceeded on his motorcycle through the intersection, he was struck by the car driven by Ms. McGee, as it made a left turn. The car was owned by Charles McGee. The accident occurred at dusk.

After a non-jury trial, the Honorable William Hart Rufe, III, found that Mr. Lopa was negligent because his motorcycle headlight was not illuminated so that he was not properly visible. In addition, Judge Rufe found Ms. McGee was negligent because there was sufficient light for her to have seen Mr. Lopa if she had looked carefully and properly. Then, applying the Comparative Negligence Act, 42 Pa.C.S. § 7102, Judge Rufe held that fifty percent of the causal negligence was attributable to Mr. Lopa and fifty percent attributable to Ms. McGee. Having made this assessment, Judge Rufe then found for Maureen and Charles McGee on Mr. Lopa's claim, and for Mr. Lopa on Mr. McGee's claim. Thus, neither party was awarded recovery from the other.

Mr. Lopa filed post-trial motions and amended post-trial motions requesting the trial court to mold the judgment to the findings of fact or to enter a judgment *non obstante veredicto*. The trial court denied these motions. It is from this denial that Mr. Lopa appeals.

Mr. Lopa raises the following issues for our review: (1) should the trial court reapportion liability under the doctrine of comparative negligence where the apportionment of liability does not logically flow from the trier's findings of fact; (2) should the trial court grant a judgment N.O.V. when, under the doctrine of comparative negligence, the apportionment of liability does not logically flow from the

trier's findings of fact; and (3) under the Pennsylvania Comparative Negligence Act, 42 Pa.C.S. § 7102, is the appellant entitled to recover from the appellees.

■ In responding to the first issue Mr. Lopa raises on appeal, we note, as the trial court did, that in *Burns v. City of Philadelphia*, 350 Pa.Super. 615, 504 A.2d 1321 (1986), we enunciated the standard of review to be applied in reviewing a trial court's apportionment of negligence under the Comparative Negligence Act. We stated that "the standard to be applied is not whether the court would have come to a different conclusion, but whether there are 'evidentiary circumstances or incontrovertible facts of such weight as to convince the court that an injustice has been done.'" *Id.*, 350 Pa.Superior Ct. at 626, 504 A.2d at 1326–27 (citation omitted).

■ Mr. Lopa does not dispute the trial court's findings of fact; rather, he argues that the only logical conclusion that flows from them is that Ms. McGee was more negligent than he was. We disagree with this contention. The facts as found by the trial court can undoubtedly support the trial court's apportionment of negligence between the parties. The trial court stated: "Although [Ms. McGee] did not maintain a careful and proper lookout, had [Mr. Lopa] been driving with his motorcycle headlight illuminated, he would have been more visible to [Ms. McGee]. In short, we find that the negligence of [Mr. Lopa] and [Ms. McGee] were substantial contributing factors to the accident and that [Ms. McGee] established [Mr. Lopa's] contributory negligence to be fifty percent. Thus we see no injustice in finding [Mr. Lopa] fifty percent negligent." We are unable to ascertain any valid reason that would support our overturning the trial court's apportionment of negligence.

Mr. Lopa argues that the trial court improperly denied his motion for judgment N.O.V. since its apportionment of liability under the doctrine of comparative negligence does not logically flow from its findings of fact. In reviewing a trial court's denial of a motion for judgment notwithstanding the verdict, we must view the evidence in the light most

favorable to the verdict winner, resolving all doubts in his favor and giving him the benefit of every reasonable inference arising from the evidence. *Elder v. Orluck*, 334 Pa.Super. 329, 483 A.2d 474 (1984). Furthermore, it is well established that a judgment notwithstanding the verdict should be entered only in a clear case, when the facts are such that no two reasonable people could fail to agree that the verdict was improper. *Walsh v. Pennsylvania Gas & Water Co.*, 303 Pa.Super. 52, 449 A.2d 573 (1982). Mr. Lopa does not contest the trial court's findings of fact. Therefore, since we find no error in the trial court's apportionment of liability based on its findings of fact, we refuse to overturn the court's denial of Mr. Lopa's motion for judgment N.O.V.

■ Mr. Lopa also objects to the trial court's determination that because he was fifty-percent negligent, he was barred from recovery. Pennsylvania's Comparative Negligence statute states as follows:

(a) General rule.—In all actions brought to recover damages for negligence resulting in death or injury to person or property, the fact that the plaintiff may have been guilty of contributory negligence *shall not bar a recovery by the plaintiff or his legal representative where such negligence was not greater than the causal negligence of the defendant or defendants against whom recovery is sought,* but any damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff.

42 Pa.C.S. § 7102 (emphasis added). Applying the plain wording of the statute, recovery is barred only when a plaintiff is more negligent than the defendant or defendants. Since Mr. Lopa was fifty percent negligent and Ms. McGee was fifty percent negligent, Mr. Lopa's negligence was not greater than the causal negligence of Ms. McGee. Accordingly, we find that Mr. Lopa is entitled to recover fifty-percent of his damages. *See also Deitrick v. Karnes*, 329 Pa.Super. 372, 382, 478 A.2d 835, 840 (1984) (actual

damages diminished by fifty percent to reflect appellant's causal negligence).

In accordance with the foregoing discussion, we reverse the order of the trial court and remand this case so that damages can be assessed and then properly apportioned between the parties pursuant to the findings of negligence made by the trial court. Jurisdiction is relinquished.