Alexander HAIRSTON

v.

Shannon R. ALLEN i/d/b/a Grabs, Inc.;
i/d/b/a Jugs & Mugs; and Joshua
Miller, individually

**Appeal of: Shannon R. Allen**

No. 2081 MDA 2015

Superior Court of Pennsylvania.

Argued August 17, 2016
FILED DECEMBER 16, 2016
Reargument Denied February 22, 2017

Andrew D. Bigda, Forty Fort, for appellant.

William M. Blaum, Moosic, for Hairston, appellee.

BEFORE: GANTMAN, P.J., PANELLA, J., and JENKINS, J.

OPINION BY GANTMAN, P.J.:

Appellant, Shannon R. Allen, appeals from the order entered in the Luzerne County Court of Common Pleas, which denied his petition for an order directing Appellee, Alexander Hairston, to amend his *praecipe* for entry of judgment. For the following reasons, we affirm.

The relevant facts and procedural history of this case are as follows. On October 4, 2009, Appellee went to a bar owned by Appellant Allen and/or Grabs, Inc. and doing business as Jugs & Mugs in Luzerne County, PA. Appellee alleged Appellant asked Appellee to help clear out a group of unruly patrons in the bar, including Joshua Miller and his companions. A scuffle ensued, during which Mr. Miller reached over one of his companions and slashed Appellee with a knife across his face. As a result of the assault, Appellee claimed he sustained serious injuries to his face and body. Appellee filed a complaint on June 20, 2011, alleging intentional tort, assault and battery against Mr. Miller, and negligence against Grabs, Inc. and Appellant as the bar owners. The complaint did not allege joint and several liability or assert the defendants were joint tortfeasors. Pretrial discovery ensued.

On December 10, 2014, the case was referred to compulsory arbitration because the amount in controversy was $50,000.00 or less. After an arbitration hearing on January 26, 2015, the panel of arbitrators

issued an award in favor of Appellee in the amount of $40,000.00. The arbitrators apportioned liability against Mr. Miller at 85% and against Appellant at 15%; this award did **not** impose joint and several liability. The prothonotary correctly docketed the award as apportioned, with notice per Pa.R.C.P. 1307 to all parties on the same day. No party appealed the arbitration award.

Appellee filed a *praecipe* for judgment on April 8, 2015, in the amount of $40,000.00, plus $400.00 in interest, against Mr. Miller and Appellant, certifying notice of the *praecipe* per Pa.R.C.P. 237. Attached to the *praecipe* was a copy of the arbitration award, as apportioned between Mr. Miller and Appellant. The prothonotary entered judgment, in the correctly apportioned amounts, on the arbitration award with the attachments and issued notice of entry of judgment to both parties on the same day.

On April 28, 2015, Appellant filed a petition, requesting the court to order Appellee to amend his *praecipe* for judgment because Appellee's *praecipe* "misrepresented" the award where the judgment entered was not properly apportioned. Appellee filed an answer on May 13, 2015. On October 20, 2015, the court denied Appellant's petition for amendment. Appellant timely appealed on November 17, 2015.[1] On December 15, 2015, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), which Appellant timely filed on January 4, 2016.

Appellant raises the following issue for our review:

UNDER PENNSYLVANIA LAW, AN AWARD THAT IS "APPORTIONED" BETWEEN INTENTIONAL AND NEGLIGENT TORTFEASORS LIMITS THE NEGLIGENT TORTFEASORS' LIABILITY TO THE HARM HE CAUSED. IS A COMPULSORY ARBITRATORS' UNAPPEALED APPORTIONED AWARD BETWEEN THESE TORTFEASORS ENFORCEABLE?

(Appellant's Brief at 3).

Appellant initially argues the arbitrators decided as a matter of law to apportion liability between Mr. Miller and Appellant, and Appellant should be responsible only for the harm he caused. In other words, Appellant claims the award did not result in joint and several liability, so he is accountable just for his share of the award, not for the entire award. Although Appellee sustained a single injury, the arbitrators determined the harm did not defy reasonable apportionment and could be allocated between Mr. Miller and Appellant. Because the arbitrators in this case, as the judges of both law and fact, unanimously decided to apportion the award between Appellant and Mr. Miller, Appellant states he and Mr. Miller are not joint tortfeasors. As a result, Appellee cannot execute on the judgment in full solely against Appellant.

Additionally, Appellant contends the trial court had no after-the-fact authority to revisit the arbitrators' decision to apportion the harm and damages, as the arbitrators' decision was final upon expiration of the appeal period. Appellant stresses Appellee's only remedy was to appeal the arbitration award within thirty days, if he wanted a single judgment; and Appellee did not appeal.

Finally, Appellant argues the court erred by relying on the preamended ver-

1. Meanwhile, Appellee filed a writ of execution against Appellant for the entire $40,000.00 judgment on November 12, 2015.

The Sheriff's formal stay of the writ of execution was entered on May 26, 2016.

sion of Pennsylvania's Comparative Negligence Act ("Act"),[2] because the Act applies to actions sounding in negligence only. Appellant submits the Act does not apply to this case, where Appellee averred one count of intentional/willful conduct against Mr. Miller and one count of negligence against Appellant. Appellant insists both counts must be grounded in negligence for the Act to apply in this case. Appellant concludes Appellee cannot be allowed to *praecipe* for a judgment that conflicts with the arbitrators' apportioned award, after the appeal period has run; and the court overstepped its authority and misapplied the law in allowing the full judgment to be enforced solely against Appellant. We agree.

■ In compulsory arbitration, the board of arbitrators conducts the hearing as a judge would conduct a trial without a jury, ruling on legal as well as factual matters. *Conner v. DaimlerChrysler Corp.*, 820 A.2d 1266, 1269 (Pa.Super. 2003). Whether the harm sustained is capable of apportionment is a question of law. *Capone v. Donovan*, 332 Pa.Super. 185, 480 A.2d 1249, 1251 (1984). Apportionment is a practical inquiry into the specific circumstances and depends on the unique context of each case. *Glomb v. Glomb*, 366 Pa.Super. 206, 530 A.2d 1362, 1365–66 (1987) (*en banc*), *appeal denied*, 517 Pa. 623, 538 A.2d 876 (1988). Allocation of liability among distinct causes is possible when the injured party suffers discrete harms or a reasonable basis exists to define the contribution of each cause to a single harm. *Id.* at 1365. Once the trier of law's decision to apportion liability is made, the trier of fact then decides how to allocate the fault. *Voyles v. Corwin*, 295 Pa.Super. 126, 441 A.2d 381, 383 (1982).

■ "When a board of arbitrators issues its award and disposes of the claims before it, its decision is final unless and until it is appealed." *Connor, supra* at 1272. If a party is dissatisfied with a compulsory arbitration award, he has the right to appeal for a trial *de novo* within thirty days. *See* 42 Pa.C.S.A. § 7361(d); Pa.R.C.P. 1308. If no appeal is filed within thirty days, the prothonotary, upon *praecipe*, shall enter judgment on the arbitration award as rendered. *See* Pa.R.C.P. 1307(c).

■ The law on comparative negligence is codified at 42 Pa.C.S.A. § 7102. *See* 42 Pa.C.S.A. § 7102. Amendments to this statute are applied prospectively only. *Costa v. Lair*, 241 Pa.Super. 517, 363 A.2d 1313, 1314 (1976). *See also Slaughter v. Pennsylvania X–Ray Corp.*, 638 F.2d 639 (3d Cir. 1981) (citing *Costa* favorably for this legal proposition). Further, Section 7102 applies only in actions founded in negligence. *McMeekin v. Harry M. Stevens, Inc.*, 365 Pa.Super. 580, 530 A.2d 462, 464 (1987), *appeal denied*, 518 Pa. 619, 541 A.2d 746 (1988). The statute in effect at the time of the incident at issue provided:

**§ 7102. Comparative negligence**

**(a) General rule.**—In all actions brought to recover **damages for negligence** resulting in death or injury to person or property, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery by the plaintiff or his legal representative where such negligence was not greater than the causal negligence of the defendant or defendants against whom recovery is sought, but any damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff.

---

**2.** 42 Pa.C.S.A. § 7102.

**(b) Recovery against joint defendant; contribution.**—Where recovery is allowed against more than one defendant, each defendant shall be liable for that proportion of the total dollar amount awarded as damages in the ratio of the amount of his causal negligence to the amount of causal negligence attributed to all defendants against whom recovery is allowed. The plaintiff may recover the full amount of the allowed recovery from any defendant against whom the plaintiff is not barred from recovery. Any defendant who is so compelled to pay more than his percentage share may seek contribution.

\* \* \*

42 Pa.C.S.A. 7102(a)–(b) (emphasis added).[3] Apportionment of damages was not the standard under the prior version of Section 7102; nevertheless, apportionment was still allowed after an inquiry into the specific circumstances of the case. *Glomb, supra.*[4] In reviewing a decision to apportion damages under 42 Pa.C.S.A. § 7102, the standard is whether there are evidentiary circumstances or incontrovertible facts of such weight as to convince the court an injustice occurred, not whether the reviewing court would have come to a different decision. *Lopa v. McGee*, 373 Pa.Super. 85, 540 A.2d 311, 312 (1988).

In the instant case, Appellee was assaulted in Appellant's establishment on Oc-

tober 4, 2009, during a bar fight. Mr. Miller, another bar patron, cut Appellee with a knife. Appellee filed a complaint on June 20, 2011, in which he asserted intentional tort, assault and battery against Mr. Miller, and negligence against Grabs, Inc. and Appellant as the bar owners. The complaint did not allege joint and several liability or assert the defendants were joint tortfeasors.

At the compulsory arbitration hearing on January 26, 2015, the arbitrators decided to apportion liability against Mr. Miller at 85% and Appellant at 15%. The aggregate award in favor of Appellee was $40,000.00. The arbitrators' award expressly apportioned the damages in the amount of $34,000.00 against Mr. Miller and $6,000.00 against Mr. Allen. The prothonotary correctly docketed the apportioned arbitration award in the respective percentages and amounts, with notice to the parties on the same day. No party appealed this award.

When Appellee filed a *praecipe* for judgment on April 8, 2015, in the amount of $40,000.00 against Mr. Miller and Appellant, Appellee attached to the *praecipe* a copy of the apportioned arbitration award. The prothonotary entered judgment on the correctly apportioned arbitration award, with notice to both parties on the same day. On April 28, 2015, Appellant filed a petition to have the court order Appellee

---

**3.** This relevant version of Section 7102 was in effect until June 27, 2011. The statute was amended effective June 28, 2011. The new version of the statute makes clear "a defendant's liability shall be several and not joint, and the court shall enter a separate and several judgment in favor of the plaintiff and against each defendant for the apportioned amount of that defendant's liability" except in five instances set forth in subsection (a.1)(3) where the defendant's liability in any of the following actions shall be joint and several, and the court shall enter a joint and several judgment in favor of the plaintiff and against

the defendant for the total dollar amount awarded as damages...." *See* 42 Pa.C.S.A. § 7102(a.1)(2)–(3). In other words, the current comparative negligence statute provides for "several and not joint" liability, except under specific circumstances.

**4.** *Glomb* was decided in 1987, under a prior version of Section 7102. We observe the language of Section 7102(b), which is relevant to the present case, was restored in the 2004 amendment.

to amend his *praecipe* for judgment, claiming Appellee's *praecipe* misrepresented the correct award because the judgment entered was not apportioned. The court denied Appellant's petition on October 20, 2015, and Appellee filed for a writ of execution against Appellant on the entire $40,000.00 judgment. Appellant timely appealed the October 20th order on November 17, 2015. A Sheriff's formal stay of execution on the writ was entered on May 26, 2016.

Here, the arbitrators had the authority as the triers of law to decide whether the harm Appellee sustained was capable of apportionment and, as the triers of fact, how to allocate fault and damages. *See Capone, supra; Voyles, supra*. Thus, the apportioned arbitration award, which attributed liability to Mr. Miller at 85% and to Appellant at 15%, ($34,000.00 and $6,000.00, respectively) is a valid award. The prothonotary correctly docketed the award on January 26, 2015, with notice to all relevant parties. Any party dissatisfied with the award had to file an appeal within thirty days for a trial *de novo*. *See Riley, supra*; 42 Pa.C.S.A. § 7361(d); Pa.R.C.P. 1308. Because no party appealed the arbitration award, Appellee filed a *praecipe* for judgment on the award April 8, 2015, claiming a judgment of $40,000.00 against both Mr. Miller and Appellant. The prothonotary, however, entered judgment on the arbitration award in the correctly apportioned amounts, and gave notice to all parties. Therefore, Appellant's petition to order Appellee to file an amended *praecipe* for judgment was fundamentally unnecessary, because the prothonotary had followed procedure and correctly docketed the apportioned award. Thus, the trial court properly denied Appellant's petition for an order to amend Appellee's *praecipe* for judgment, but it did so on incorrect grounds.

In its decision to deny Appellant's petition, the court erred when it concluded the award should not have been apportioned because there was no reasonable basis to determine the contribution of each tortfeasor to Appellee's injuries; and the Act permitted Appellee to pursue Appellant for the full amount of the award. The arbitration panel, however, had the authority to decide whether the circumstances of this case warranted apportionment of damages and the final say on that point as a question of both law and fact. *See Capone, supra; Glomb, supra*. The arbitration panel issued its award and disposed of all claims, making the award final, unless a party appealed. *See Connor, supra*. Here, no party appealed the award within the time allowed. Thus, the trial court was without authority to revisit the issue of apportionment.

Moreover, assuming the default position of the relevant version of Section 7102 was joint and several liability, nothing in the statute or interpretative law absolutely precluded liability apportionment, if the circumstances supported allocation. *See Glomb, supra*. Importantly, Section 7102 specifically addresses comparative **negligence** and applies only in actions to recover damages for negligence. *See McMeekin, supra*. Here, Mr. Miller was alleged an intentional tortfeasor, and Appellant was alleged a negligent tortfeasor. Therefore, arguably Section 7102 should not even apply in this case.

Based upon the foregoing, we hold the arbitrators' decision to apportion damages was allowable under the law and final. The subsequent judgment on the award was entered correctly in the apportioned amounts and should not be disturbed. Significantly, however, we hold that any writ of execution against Appellant shall be limited to that portion of the judgment allocated to Appellant; Appellee shall not be

permitted to execute against Appellant for the full amount of the judgment. *See Keller v. Re/Max Centre Realty*, 719 A.2d 369 (Pa.Super. 1998) (holding execution of sheriff's writ is limited to amount of judgment apportioned to given party); *Glomb, supra* (stating that where liability is apportioned, "the injured party bears the risk that the financial irresponsibility of one tortfeasor will defeat a complete recovery"). Accordingly, we affirm the trial court's decision to deny Appellant's petition to order Appellee to amend his *praecipe* for entry of judgment, but we do so on other grounds and with specific qualifications.

Order affirmed.