2018 PA Super 25

| MARC BLUCAS AND RYAN BLUCAS | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| PERRY AGIOVLASITIS | : | |
| | : | |
| Appellant | : | No. 2448 EDA 2017 |

Appeal from the Order Entered June 29, 2017
In the Court of Common Pleas of Bucks County Civil Division at No(s):
2012-10690

BEFORE: BENDER, P.J.E., PANELLA, J., and STEVENS*, P.J.E.

OPINION BY STEVENS, P.J.E.: **FILED FEBRUARY 09, 2018**

Appellant Perry Agiovlasitis appeals from the Order entered in the Court of Common Pleas of Bucks County on June 29, 2017, at which time the trial court granted the Motion to Award Costs and Interest filed by Appellees Marc Blucas and Ryan Blucas and Ordered the Prothonotary to enter judgment in favor of Appellees and against Appellant in the principal amount of $8,550.00 along with costs in the amount of $225.00, prejudgment interest in the amount of $2,191.18 and post-judgment interest at 6% per annum from November 4, 2016, until the date upon which the judgment is fully satisfied. Upon review, we vacate and reinstate the award of the arbitrators.

The trial court aptly set forth the relevant factual and procedural background herein as follows:

> On December 20, 2012, Appellees [ ] filed a Complaint initiating a landlord-tenant dispute against Appellant. Complaint, p. 1. Appellees entered into a lease agreement with Appellant to

_____
* Former Justice specially assigned to the Superior Court.

lease the home located at 6630 Stump Road, Plumsteadville, Pennsylvania, from July 1, 2011, until June 30, 2012. Complaint, Exhibit A, lines 22-23. Pursuant to the terms of the Agreement, Appellees paid a security deposit and pet deposit equal in the amount of $10,000. Complaint, Exhibit A, line 44; Pet Addendum to Residential Lease, line 21. Appellees did not renew the lease at the end of the term and moved out of the home on June 30, 2012. Complaint, Exhibit B. Appellant did not return Appellees' security deposit. Complaint, Exhibit C. It is disputed whether Appellant neglected to provide a written list of damaged property within thirty days of the end of the lease term as required under the Lease Agreement. See Complaint, Exhibit A, lines 54-57; cf. Answer, Exhibit A.

On February 12, 2013, Appellant filed an answer with new matter and counterclaim. Answer, p. 1. Appellant contended that Appellees damaged the leased premises and therefore breached the lease by failing to surrender the premises in substantially the same condition in which it was leased. Answer, Exhibit A.[1]

The parties entered into arbitration[1] wherein Appellees' net award was $8,550 without mention of prejudgment interest or costs.[2] See generally, Arbitration Award. Judgment was entered

_____

[1] Appellee's complaint sought damages in the amount of $10,000.00 along with prejudgment interest and "[s]uch other relief as the [c]ourt deems just and equitable." **See** Complaint at ¶ 22. Thus, this was a compulsory arbitration pursuant to 42 Pa.C.S.A. § 7361(a) which provides as follows:

> **(a)  General rule.**—Except as provided in subsection (b), when prescribed by general rule or rule of court such civil matters or issues therein as shall be specified by rule shall first be submitted to and heard by a board of three members of the bar of the court.
>
> **(b)  Limitations.**—No matter shall be referred under subsection
>
> (a):
> (1) which involves title to real property; or
> (2) where the amount in controversy, exclusive of interest and costs, exceeds $50,000.

42 Pa.C.S. § 7361(a), (b).

on November 4, 2016.[2] On November 14, 2016, Appellant wrote a check to Appellees in the amount of $8,550. Defendant's Response to Plaintiff's Motion for Costs and Prejudgment Interest, p. 1. The memo of the check stated that it was for "return of security deposit." Defendant's Response to Plaintiffs' Motion for Costs and Prejudgment Interest, Exhibits 1 and 2.

Appellees sought pre-judgment interest totaling $2,191.18, post-judgment interest at 6% per annum ($1.41/day from November 4, 2016), and costs in the amount of $225.00. Brief in Support of Plaintiffs' Motion for Costs and Prejudgment Interest, pp. 2-3. The $225.00 was stipulated to by the parties. Stipulation.

_____

2    The arbitrators' award and notice pursuant to Pa.R.C.P. 1307 was entered on the docket on July 13, 2016. Specifically, the docket entry states:

> Arbitration award in favor of [Appellees] in the sum of $10,000 for [Appellant] on the counter claim [sic] in the sum of $1450.00. Net award to [Appellees] is $8550.00 EO DIE, Notice of Entry of Award mailed on 07/13/2016.

(unnecessary capitalization omitted).

In addition, a docket entry for November 4, 2016, indicates "Judgment on Award entered in favor of [Appellees] & against [Appellant] in the sum of $8,500.00 Notice 236 sent on 11-4-2016." (unnecessary capitalization omitted).

In **Stivers Temporary Personnel, Inc. v. Brown**, 789 A.2d 292 (Pa.Super. 2001), this Court noted:

> Upon entry of the compulsory arbitration award on the docket and appropriate notice, the award took the force and effect of a final judgment. This procedure differs substantially from statutory or common law arbitration, which provides that a party must petition the trial court to confirm the award thirty days or more following the date of the award. **See** 42 Pa.C.S.A. §§ 7313, 7342(b). As this case involves a compulsory arbitration award, neither party was required to praecipe the prothonotary to enter judgment on the award. **See** 42 Pa. C.S.A. § 7361(d).

**Id**. at 294.

_____
[1] Specifically, Appellant alleged that Appellees badly damaged the wood floors, upstairs carpeting, failed to clean the home, among other things.
[2] Appellees were awarded $10,000 and Appellant was awarded $1,450 for the counterclaim.

Trial Court Opinion, filed 10/5/17, at 1-2.

In his brief, Appellant presents the following issue for our review:

Whether the lower court abused its discretion and/or committed a clear error of law by opening the judgment and modifying the arbitration award well outside the applicable time imposed by Pa. R.C.P. 1307(d).

Brief for Appellant at 2. In support of this claim, Appellant posits that:

[t]he order in question, with just a few words and some simple math, not only rendered the arbitration hearing and unappealed award in this case meaningless, but also, and more importantly, undermined the entire compulsory arbitration process and disregarded our well-established jurisprudence and expectations as they pertain to the finality of judgments.

Without any appeal having been taken by either party within thirty (30) days after entry of the arbitration award on July 13, 2016, [Appellant], in strict accordance with all applicable rules of civil procedure, properly entered the Judgment upon it nearly four months later on November 4, 2016. Except for the $10.41 that had accrued since entry of the Judgment on November 4, 2016, [Appellant] tendered full payment of the arbitration award ($8,550.00) on November 14, 2016. The lower court had no right or authority to open the Judgment nearly 7 months later and modify the arbitration award to give [Appellees] an award of pre-judgment interest that the arbitration panel might or might not ha[ve] already given them in the award entered July 13, 2016 from which neither party sought ay relief within 30 days of its entry.

Brief for Appellant at 6.

Initially, we must consider whether the trial court had jurisdiction to consider Appellees' Motion for Costs and Prejudgment Interest. In its Opinion

filed pursuant to Pa.R.A.P. 1925(a), the trial court recognizes that "[t]he motion at issue on appeal was filed beyond the thirty-day period to appeal." Trial Court Opinion, filed 10/5/17, at 3 n. 4. Nevertheless, without citation to any authority, the court opines that the arbitration panel could not make a ruling on prejudgment interest because such claim did not amount to a "claim for relief" pursuant to Pa.R.C.P. 1306.[3] The court asserts it was, therefore, required to modify the arbitration award "with the compelling reason of respecting Appellees rights" in light of this Court's and the Pennsylvania Supreme Court's previous holdings that an award of prejudgment interest is a matter of right. *Id*. at 4. In support of its decision, the trial court relies upon ***Thomas H. Ross, Inc. v. Seigfreid***, 592 A.2d 1353 (Pa.Super. 1991), wherein this Court held, *inter alia*, that the trial court did not have discretion to suspend prejudgment interest from the close of a nonjury trial through the

---

[3] This rule provides:

> The board shall make an award promptly upon termination of the hearing. The award shall dispose of all claims for relief and shall be substantially in the form set forth in Rule 1312. If damages for delay are awarded under Rule 238, the amount shall be separately stated. The award shall be signed by the arbitrators or a majority of them. A dissenting vote without further comment may be noted thereon. The award shall be filed with the prothonotary immediately after it is signed.

Pa.R.C.P. 1306.

date of final judgment, even where the two-year delay in the entry of judgment was due to the court's own neglect in dealing with the case.

> In compulsory arbitration, the board of arbitrators conducts the hearing as a judge would conduct a trial without a jury, ruling on legal as well as factual matters. **Conner v. DaimlerChrysler Corp.**, 820 A.2d 1266, 1269 (Pa.Super. 2003). Whether the harm sustained is capable of apportionment is a question of law. **Capone v. Donovan**, 332 Pa.Super. 185, 480 A.2d 1249, 1251 (1984). Apportionment is a practical inquiry into the specific circumstances and depends on the unique context of each case. **Glomb v. Glomb**, 366 Pa.Super. 206, 530 A.2d 1362, 1365–66 (1987) (*en banc*), *appeal denied*, 517 Pa. 623, 538 A.2d 876 (1988). Allocation of liability among distinct causes is possible when the injured party suffers discrete harms or a reasonable basis exists to define the contribution of each cause to a single harm. **Id.** at 1365. Once the trier of law's decision to apportion liability is made, the trier of fact then decides how to allocate the fault. **Voyles v. Corwin**, 295 Pa.Super. 126, 441 A.2d 381, 383 (1982).

**Hairston v. Allen**, 153 A.3d 999, 1002 (Pa.Super. 2016), *reargument denied*, (Feb. 22, 2017), *appeal denied*, 170 A.3d 1028 (Pa. 2017).

When a board of arbitrators issues its award and disposes of each claim before it, its decision is final unless and until it is appealed. **Connor v. DaimlerChrysler Corp.**, 820 A.2d 1266, 1272 (Pa.Super. 2003). "If a party is dissatisfied with a compulsory arbitration award, he has the right to appeal for a trial *de novo* within thirty days. **See** 42 Pa.C.S.A. § 7361(d); Pa.R.C.P. 1308. If no appeal is filed within thirty days, the prothonotary, upon *praecipe*,

shall enter judgment on the arbitration award as rendered. **See** Pa.R.C.P. 1307(c)." **Hairston**, **supra** at 1002.[4]

In the instant case, the arbitration decision was rendered and entered on the docket and the proper notices were mailed on July 13, 2016. Appellees failed to file a petition with the Court of Common Pleas to vacate or modify the arbitrator's award within thirty days of that award. In fact, there is no petition to vacate or modify the award in the certified record, for Appellees' Motion for Costs and Prejudgment Interest cannot be confused with a timely petition to vacate or modify the arbitration award pursuant. **See Lowther v. Roxborough Memorial Hospital**, 738 A.2d 480, 485 n. 3 (Pa.Super. 1999).

In **Stivers** this Court addressed the issue of whether the trial court had jurisdiction to review the appellant's petition to vacate the arbitration award which was filed fifty-eight days after the prothonotary had entered the arbitration award on the docket and sent the required notice. **Stivers**, 789 A.2d at 295. In doing so, we opined:

> In compulsory arbitration, once an award is issued, it is sent to the prothonotary for entry on the docket and publication to the parties. Pa.R.C.P. 1306; 1307; 1308(a); 42 Pa.C.S.A. § 7361(d) (stating **"In the absence of appeal the judgment entered on the award of the arbitrators shall be enforced as any other judgment of the court."**). Here, the arbitrators forwarded the award to the prothonotary on November 20, 2000, for entry on

---

[4] The Explanatory Comment accompanying Pa.R.C.P. 1307 stresses that "[i]f the award is unintelligible or ambiguous or unclear or subject to alternative interpretations, an aggrieved party can only appeal." **Id**., Explanatory Comment-1981 at ¶ 9.

- 7 -

the docket, and the prothonotary notified the parties of the award on the same day. *See* Pa R.C.P. 1307.

Once entered, a compulsory arbitration award may only be challenged by a timely appeal to the Court of Common Pleas for a trial *de novo*. Pa.R.C.P. 1308(a); 42 Pa.C.S.A. § 7361(d). Pennsylvania Rule of Civil Procedure 1308(a) provides in pertinent part:

(a) An appeal from an [arbitration] award **shall** be taken by (1) filing a notice of appeal in the form provided by Rule 1313 with the prothonotary of the court in which the action is pending not later than thirty days after the day on which the prothonotary makes the notation on the docket that notice of the entry of the arbitration award has been provided as required by rule 1307(a)(3).

Pa.R.C.P. 1308(a). This Court has stated:

The procedure for taking an appeal from a compulsory arbitration award is clear. A party to a compulsory arbitration may take an appeal from the award by seeking a trial *de novo* in the Court of Common Pleas. 42 Pa.[C.S.] § 7361(d). Rule of Civil Procedure 1308(a) provides that **an appeal from an arbitration award must be taken "not later than thirty days after the entry of the award on the docket**...." The Explanatory Note to Pa.R.C.P. 1307 states:

These Rules contemplate that the board will disperse after rendering the award, not to reconvene and not to hear any motions or applications to amend modify or change the award. If any party is dissatisfied with any aspect of the award, **the sole remedy is an appeal for a trial *de novo***. (emphasis added)

**The rules provide only one exception to this procedure.** Subsection (d) of Rule 1307 provides that the court of common pleas may mold an award where the record discloses obvious errors in either the mathematics or language of the award. **The court's power to mold is specifically limited to correction of such patent errors** and is the same as the power of a trial court to mold a jury verdict. Pa.R.C.P. 1307(d). **The rule is aimed at the corrections of formal errors that do not go to the substance and merits of the award.**

> ***Lough*** [***v. Spring***, 556 A.2d 441, 442–43 (Pa.Super. 1989)],
> (footnote omitted) (emphasis added). Additionally,
>
>> Timeliness of an appeal, whether it is an appeal to an
>> appellate court or a *de novo* appeal in common pleas
>> court, is a jurisdictional question. Where a statute fixes
>> the time within which an appeal may be taken, the time
>> may not be extended as a matter of indulgence or grace.
>>
>> ***Lee v. Guerin****,* 735 A.2d 1280, 1281 (Pa.Super.1999), *appeal
>> denied,* 561 Pa. 659, 747 A.2d 901 (1999).

***Id****.* at 295-97 (some emphasis added; some citations omitted).

As previously mentioned, the arbitrators' award herein was entered on

the docket and notices were given pursuant to Pa.R.C.P. 1307 on July 13,

2016. Neither party perfected an appeal for a trial *de no*vo pursuant to

Pa.R.C.P. 1308(a); ***see also*** 42 Pa.C.S.A. § 7361(d). To the contrary, on

November 4, 2016, Appellant entered judgment on the award in favor of

Appellees and against himself in the amount of $8,550.00 and ten days later

tendered a check in that amount to Appellees as payment in full.

Over five months later, on April 17, 2017, Appellees filed their Motion

for Costs and Prejudgment Interest wherein they did not request that the trial

court correct a typographical or mathematical error in the arbitration award;

rather, they asked the trial court to award them prejudgment interest and

costs. In doing so, Appellees relied upon ***PNC Bank, N.A. v. Unknown***

***Heirs***, 929 A.2d 219, 227 n. 3 (Pa.Super. 2007) for the proposition that a trial

court has the power to modify a judgment upon the proper application to the

J-S03031-18

court for amendment.[5]  However, as stated above, Appellees' filing of their untimely motion did not constitute compliance with the procedures applicable to the filing of an appeal from an arbitration award and the requested relief cannot be considered to be a "molding" thereof.  **See** 42 Pa.C.S.A. § 7361(d); Pa.R.C.P. 1307, 1308(a); **Stivers**, 789 A.2d at 295-97.

Although it involved review of a common law arbitration award, this Court's prior decision in **F.J. Busse Co., Inc. v. Sheila Zipporah, L.P.**, 879 A.2d 809 (Pa.Super. 2005) is instructive herein.  In that case, the appellee

_____

[5] We find the facts of **PNC Bank, N.A. v. Unknown Heirs**, which involved a mortgage foreclosure action, to be distinguishable from those presented herein.  There, this Court found a trial court could modify an unappealed order within thirty days after its entry under 42 Pa.C.S.A. § 5505 and had the authority to open a judgment by default under applicable Pennsylvania Rules of Civil Procedure.  Specifically, we stated:

> it is well settled that "a court upon notice to the parties may modify or rescind any order within 30 days after its entry ... if no appeal from such an order has been taken or allowed." 42 Pa.C.S.A. § 5505. "Under section 5505, the trial court has broad discretion to modify or rescind an order, and this power may be exercised *sua sponte* or invoked pursuant to a party's motion for reconsideration." **Haines v. Jones**, 830 A.2d 579, 584 (Pa.Super.2003). "[T]he trial court may consider a motion for reconsideration only if the motion for reconsideration is filed within thirty days of the entry of the disputed order." **Id**. "The mere filing of a motion for reconsideration, however, is insufficient to toll the appeal period." **Valley Forge Center Associates**, 693 A.2d at 245. "If the trial court fails to grant reconsideration expressly within the prescribed 30 days, it loses the power to act upon both the [motion] and the original order." **Id**.

**Id**. at 226.

- 10 -

filed a petition to modify the amount of an arbitrator's award with the trial court to include an additional award of counsel fees and costs.[6] The appellee contended that fees and expenses were mandatory under the Contractor Payment Act because he had been the substantially prevailing party in the action and the failure to award counsel fees pursuant thereto constituted a procedural irregularity by the arbitrators.

The trial court agreed that the award of counsel fees and expenses was mandatory and entered an order directing the arbitrators to determine the amount of counsel fees due to the appellees. The trial court then stayed all proceedings pending an appeal wherein the appellant argued that the arbitrators' failure to award counsel fees did not constitute an irregularity under Pennsylvania law which would require the vacating or modification of the arbitration award. Instead, the appellant contended the arbitrators' failure to award counsel fees and expenses was merely an error of law on their part and, thus, did not form a basis for modifying the common law arbitration award. *Id*. at 810-12.

This Court agreed and in doing so reasoned as follows:

> [T]his claim is actually a contention that the arbitrators made an error of law by ignoring the relevant provision of the Contractor Payment Act. As set forth above, a common law arbitration award is not reviewable for an error of law. Therefore, regardless of whether the arbitrators committed an error of law, the arbitrator's award cannot be vacated on this basis.

---

[6] The timeliness of the petition was not discussed as part of the factual and procedural history.

\*\*\*

> Here, although appellee claims that there was an irregularity in the process employed by the arbitrators, his allegations in fact assert that the arbitrators made an error of law by not awarding attorney's fees under the Contractor Payment Act. As we previously indicated, an error of law by the arbitrators is not a basis upon which a trial court, which is reviewing an arbitration decision, may modify that decision. Thus, . . . we conclude that the trial court in the present case abused its discretion in ordering modification of the arbitrator's decision. Accordingly, we must reverse the Order on appeal and reinstate the award of the arbitrators.

*Id*. at 812 (citations omitted).

Presently, the panel of arbitrators made no specific findings of fact or conclusions of law; however, its award indicates it believed aspects of both parties' arguments, as neither party received the entire amount of damages that it had requested. In addition, although claims for prejudgment interest and costs had been presented to the arbitrators, the arbitration award in favor of Appellees was unclear as to whether it included a portion of the security and pet deposits along with prejudgment interest and costs or was comprised of the security and pet deposits alone. Thus, in light of the foregoing, we conclude that because Appellee did not file a timely appeal from the arbitrator's award, the trial court was without authority to revisit the issue of prejudgment interest. ***See Hairston***, ***supra***, at 1004. The arbitrators' decision was final and the subsequent judgment on the award was entered correctly and should not be disturbed. ***Id***.

Accordingly, the trial court lacked jurisdiction to consider Appellees' Motion for Costs and Prejudgment Interest. Therefore, we reverse and vacate its June 29, 2017, Order, reinstate the arbitrator's award entered on July 13, 2016, and direct the parties to comply therewith.

Order vacated. Arbitrator's award reinstated. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/9/18