J-S38033-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RODNEY COLLINS | : | |
| | : | |
| Appellant | : | No. 2521 EDA 2018 |

Appeal from the PCRA Order Entered March 28, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0815881-1992

BEFORE: OTT, J., DUBOW, J., and COLINS*, J.

JUDGMENT ORDER BY COLINS, J.:                    **FILED JULY 16, 2019**

Appellant, Rodney Collins, appeals from the order denying his second petition filed under the Post Conviction Relief Act ("PCRA").[1] As we conclude that we are without jurisdiction, we quash the appeal.

The facts and procedural history underlying this appeal were previously, fully and correctly set forth by the Supreme Court of Pennsylvania in *Commonwealth v. Collins*, 702 A.2d 540 (Pa. 1997), and *Commonwealth v. Collins*, 957 A.2d 237 (Pa. 2008), and by the Third Circuit in *Collins v. Secretary of Pennsylvania Department of Corrections*, 742 F.3d 528 (3d Cir. 2014). Therefore, we have no reason to restate them.

_____

[1] 42 Pa.C.S. §§ 9541–9546.

_____

*   Retired Senior Judge assigned to the Superior Court.

On May 27, 2015, Appellant filed his current PCRA petition,[2] and, after an evidentiary hearing, the PCRA court entered an order denying the petition on March 28, 2018. Appellant then filed a motion for reconsideration. According to the PCRA court's opinion: "On April 17, 2018, this [PCRA] Court reconsidered the dismissal[.]" PCRA Court Opinion, filed October 23, 2018, at 2. However, the only order entered on April 17, 2018, stated, in its entirety, as follows: "AND NOW, this 17th day of April, 2018, it is hereby ORDERED and DECREED that RODENY [sic] COLLINS is to file an affidavit from any and all potential newly discovered witnesses in support of his April 11, 2018 Motion to Reconsider in this matter by April 30, 2018." Order, 4/17/2018. This order thus did not expressly grant the motion for reconsideration. *Id.* Additionally, pursuant to our review of the certified record, no order granting reconsideration was ever entered. On August 2, 2018, the PCRA court entered another order denying the instant PCRA petition. Appellant filed his notice of appeal on August 24, 2018.

"We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and are free of legal error." ***Commonwealth v. Medina***, 2019 PA Super 119, *8 (filed April 17, 2019) (citation omitted).

---

[2] We agree with the PCRA court's analysis that, although otherwise untimely, Appellant's present PCRA petition qualifies for the "after-discovered evidence" exception to the time bar pursuant to 42 Pa.C.S. § 9545(b)(1)(ii). ***See*** PCRA Court Opinion, filed October 23, 2018, at 4-6.

"The question of timeliness of an appeal is jurisdictional in nature." ***Commonwealth v. Edrington***, 780 A.2d 721, 725 (Pa. Super. 2001); ***see also Blucas v. Agiovlasitis***, 179 A.3d 520, 525 (Pa. Super. 2018). In order to preserve the right to appeal a final order, "the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a); ***see also Grimm v. Grimm***, 149 A.3d 77, 86–87 (Pa. Super. 2016). This period may be tolled if the court enters "an order **expressly** granting reconsideration" within the 30-day period. Pa.R.A.P. 1701(b)(3) (emphasis added). Filing of a motion for reconsideration alone, without this express grant, does not toll the 30-day appeal period for a PCRA dismissal. ***Commonwealth v. Moir***, 766 A.2d 1253 (Pa. Super. 2000).

In the current action, Appellant filed a motion for reconsideration, but the PCRA court never expressly granted it. Nowhere in the order dated April 17, 2018, does the PCRA court actually state that reconsideration is granted. Thus, the 30-day period for filing a notice of appeal was not tolled, and Appellant had to file his notice of appeal within 30 days of March 28, 2018 – *i.e.*, by April 27, 2018. Hence, Appellant's notice of appeal on August 24, 2018, was untimely by more than three months, and this Court is without jurisdiction to entertain it. Additionally, as the PCRA court never expressly granted reconsideration and as Appellant never filed a subsequent PCRA petition, the PCRA court had nothing pending before it when it entered

the second order denying the PCRA petition on August 2, 2018, and said order is therefore moot.  We thus conclude that we lack jurisdiction and must quash this appeal as untimely and improper.[3]

     Appeal quashed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/16/19

---

[3] Assuming Appellant's appeal were timely, Appellant's sole claim on appeal is that the counsel initially appointed for this second PCRA petition was ineffective.  Appellant's Brief at 4, 11-12.  However, pursuant to our review of the certified record, Appellant first raised this claim in his Pa.R.A.P. 1925(b) statement, and claims of PCRA counsel's ineffective assistance may not be raised for the first time on appeal. **Commonwealth v. Henkel**, 90 A.3d 16, 25-26 (Pa. Super. 2014) (*en banc*).