J-A21039-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: N.J., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: B.P., MATERNAL AUNT | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1046 EDA 2021 |

Appeal from the Order Entered April 16, 2021
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-DP-1000097-2016

BEFORE:   KUNSELMAN, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED NOVEMBER 29, 2021**

B.P. ("Maternal Aunt") appeals *pro se* from the order entered in the Court of Common Pleas of Philadelphia County Juvenile Division denying her motion to appeal *nunc pro tunc* the court's prior protective order of July 1, 2019, which prohibited her and her sisters from attending visitations between their minor niece ("Child") and Child's siblings and from contacting in any manner Child or Child's resource parent/caregiver.  After careful review, we affirm.

In this Court's recent memorandum decision ***Interest of N.J.***, 1722 EDA 2020 (Pa.Super. filed April 9, 2021), in which Maternal Aunt's sister B.P. ("Sister B.P.") challenged the same underlying order of July 1, 2019 presently

_____

[*] Former Justice specially assigned to the Superior Court.

at issue, we set forth the following facts and procedural history that are equally pertinent to the matter now before this panel:

> [Maternal Aunt's and Sister B.P.'s] niece, N.J., born in October 2015 ("Child"), was adjudicated dependent on July 22, 2016. Subsequently, Child's permanency goal was changed to adoption and Mother's and Father's parental rights were terminated on September 19, 2018.[Lower Court Footnote ("LC")] 1
>
> ---
>
> [LC]1 Both Father and Mother separately appealed such determinations, which panels of this Court affirmed. **See** Superior Court Docket Nos. 3044-3045 EDA 2018, and 3086 & 3093 EDA 2018.
>
> ---
>
> On July 1, 2019, [Sister B.P.], through counsel, filed a Motion to Intervene and sought sibling visitation as she has custody of Child's siblings.[LC]2 In an order entered that same day, the dependency court entered a dependency court protective order in favor of Child and her resource parent. Specifically, the court ordered [Sister B.P., Maternal Aunt, and their sister D.P.] to "refrain from any contact directly or indirectly with the above-named person(s)/witness(es) to be protected (*i.e.*, no telephone contact, no verbal contact, no third party contact, no eye contact, no written contact and no physical contact) and to refrain from any and all intimidation personally [or] by family and/or friends." Dependency Court Protective Order, 7/1/19. This protective order was valid until July 1, 2020. **Id.**[1]

---

[1] Judicial review addressed Maternal Aunt's and her two sisters' three-year-long history of filing serial unfounded reports of abuse and neglect occurring in the resource parent's home. The dependency court held a permanency review hearing at which it made a finding of fact that such reports were both false and, consequently, injurious to the stability of Child's placement, as they unfairly endangered resource parent's ability to retain custody of the children entrusted to their care.

The court, therefore, entered its dependency protective Order of July 1, 2019, directing Maternal Aunt and her sisters B.P. and D.P. to "stay away" from Child
*(Footnote Continued Next Page)*

[LC]² This motion was denied on August 19, 2020. **See** Permanency Review Order, 8/19/20.

[Over one year later,] [o]n August 11, 2020, [Sister B.P.] filed her Motion to File *Nunc Pro Tunc*, *pro se*, seeking to appeal the dependency court's July 1, 2019, protective order. [Sister B.P.] averred she was not given notice of the July 1, 2019, hearing and did not receive the order until after the appeal period expired. Motion for *Nunc Pro Tunc*, 8/11/20. By order dated and entered August 12, 2020, the court denied [Sister B.P.'s] motion.

Thereafter, on September 10, 2020, [Sister B.P.] filed a *pro se* notice of appeal, along with a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b). The dependency court filed a Rule 1925(a) Opinion on November 4, 2020.

*Int. of N.J.*, 177 EDA 2020, at *1.

Acknowledging that Sister B.P. timely appealed from the lower court's final and appealable order of August 12, 2020 denying *nunc pro tunc* relief, we observed that the issues she raised on appeal related not to the denial of *nunc pro tunc* relief but, instead, to the underlying protective order of July 1, 2019. Specifically, she claimed her due process rights of notice and an opportunity to be heard were violated when she received no notice of the

and all others in Child's household, as their behavior had a destabilizing effect on the household. The order also contained a visitation order calling for Child to resume supervised visitation with her siblings, over whom Sister B.P. possessed custody, but without the attendance of Maternal Aunt and her sisters. Finally, the order mandated that the dependency court judge be notified directly if any hotline calls were received regarding Child and the resource parent.

hearing that preceded the July 1, 2019 protective order, but we noted that she never raised this issue in an appeal to the protective order. We, therefore, determined Sister B.P. had waived her issues directly challenging the protective order of July 1, 2019. *Id.* at *2-3.

In addition, as the July 1, 2019 protective order had expired one year later, on July 1, 2020, we found Sister B.P.'s issues moot and not subject to the recognized exceptions to the mootness doctrine.[2] *Id.* at *4.

Finally, even assuming that Sister B.P. had properly raised and preserved her claims challenging the denial of *nunc pro tunc* relief and we had found the underlying matter was not moot, we still concluded that there would be no basis upon which to grant her *nunc pro tunc* relief.

_____

[2] Specifically, we noted:

> While [Sister B.P.] suggests that this case falls within an exception "as a case that has important public policy considerations and yet may escape review," pointing to the temporary nature of stay away orders that often evade review before expiration, we disagree. [Sister B.P.'s] Brief at 7 (unnumbered). The July 1, 2019, protective order was valid for one year and, as indicated above, [Sister B.P.] had counsel involved at or around the time of its issuance. Also, other family members were involved with litigation and [Sister B.P.] suggests she had access to record documents. *Cf. see Snyder v. Snyder*, 629 A.2d 977, 980 n.1 (Pa.Super. 1993) (reviewing an expired six-month PFA order on the basis that it fell "into the well-recognized exception to the mootness doctrine of a case which has important public policy considerations and yet may escape review.").

*Int. of N.J.*, 253 A.3d at *4 n.9.

- 4 -

Specifically, in this regard, we noted that on July 1, 2019, she was represented by counsel who, on that date, filed a Motion to Intervene on her behalf and, subsequently in August, 2019, represented her in a related hearing. The record further demonstrated that other family members were engaged at the time in parallel litigation regarding Child, and that the family members were sharing documentation from these proceedings. Given this record, we concluded that Sister B.P.'s request for *nunc pro tunc* relief, filed over one year after the order in question, was not filed within a reasonable period of time and was, therefore, properly denied on the merits. *Id.* at \*4 n. 10.

In the case *sub judice*, Maternal Aunt filed with the dependency court on March 23, 2021 a motion to appeal *nunc pro tunc* the dependency court's July 1, 2019 visitation order that precluded her from having any contact with Child. In this motion, she claimed that she first became aware of the order on December 29, 2020, but she offered no explanation for either her delayed awareness or her subsequent delay in filing her motion seeking a *nunc pro tunc* appeal. Maternal Aunt also requested that the lower court grant her request for visitation with Child and clarify the July 1, 2019 order intended that she absent herself only from *sibling* visitations, as she maintained the court inadvertently omitted the word "sibling" from its order.

On April 16, 2021, the dependency court denied Maternal Aunt's motion to appeal *nunc pro tunc*, finding she did not establish a basis for such relief because she failed to explain the untimeliness of her appeal from the lower

court's July 1, 2019 order. Dependency Court Order and Opinion, 4/16/21 p. 1-2.

This timely appeal followed. In Maternal Aunt's court-ordered Rule 1925(b) statement, she set forth three claims of "error" asserting, respectively, that the visitation order's exclusion of the word "sibling" when referring to visitation left it ambiguous, the order worked an unconstitutional deprivation of rights to a secure a stable family relationship, and the order reflected the court's bias against her. Concise Statement, 5/15/21. The statement noted Maternal Aunt sought resumption of visits with Child.

In the lower court's responsive Pa.R.A.P. 1925(a) Opinion of June 14, 2021, it explained that the same reasons of untimeliness and mootness that required denial of Sister B.P.'s previous *nunc pro tunc* motion applied to Maternal Aunt's present motion. The court also entered a concurrent Order granting a Motion to Change Visitation, in which it provided for unsupervised sibling visitation with the continuing limitation that Maternal Aunt and her sisters shall neither attend said visits nor contact the caregiver, with the stipulation that any violation of this provision shall be reported to the court and require the entry of an order directing all future sibling visits be supervised at the agency.

In Maternal Aunt's *pro se* appellate brief, she raises the following Statement of Question Presented (verbatim):

> The actions of the trial court errors resulted in an inability to be fair and impartial with a miscarriage of justice, punishing and inhibiting a mandated reporter to not follow Child Protective

Service reporting law with [sic] by stating via July 1, 2019 transcript page 11 the court "If they make another call to the hotline alleging some abuse of this child, then I will hold a contempt hearing. I want to know about it. And march them all in here and I'll throw them in jail." and in the absence of such errors a more favorable result would have been reached in the best interest of the child. The issues reflect on whether it was an error of law or abuse of process for the trial court to prevent contact with a minor to avoid a mandating reporting of suspected child abuse and/or neglect by denying the motion for visitation and refusal to allow visits after a stay away order issued expired. To present mandated reporters from reporting endangers children. All violators can face a misdemeanor and as a recently as on July 8, 2021 Luzerne Children and Youth director was arrested and charged with endangering children for terminating reports of child abuse.

Brief for Appellant, at 2-3 (unpaginated).

This Court reviews a trial court's denial of an appeal *nunc pro tunc* under an abuse of discretion standard. ***Raheem v. University of the Arts***, 872 A.2d 1232, 1234 (Pa.Super. 2005). An abuse of discretion is not merely an error of judgment but is found where the law is "overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will as shown by the evidence or the record." ***Freeman v. Bonner***, 761 A.2d 1193, 1194–95 (Pa.Super. 2000) (quoting ***Union Electric Corporation v. Board of Property Assessment, Appeals, & Review of Allegheny County***, 746 A.2d 581, 583 (Pa. 2000)). An appeal *nunc pro tunc* is intended as a remedy to vindicate the right to appeal where that right has been lost due to extraordinary circumstances involving fraud or its equivalent, duress, or coercion. ***Id.*** at 584.

Initially, we must address whether Maternal Aunt has standing to appeal *nunc pro tunc* from the dependency court's July 1, 2019 permanency review order, as the issue of standing implicates our jurisdiction. "When a statute creates a cause of action and designates who may sue, the issue of standing becomes interwoven with that of subject matter jurisdiction. Standing then becomes a jurisdictional prerequisite to an action." **K.B. II v. C.B.F.**, 833 A.2d 767, 774 (Pa.Super. 2003) (citation, quotation, and emphasis omitted).

A party seeking to appeal must, as a prerequisite, establish that they have standing to appeal. **In Interest of Garthwaite**, 619 A.2d 356, 357 (Pa.Super. 1993). "An issue regarding standing to participate in dependency proceedings is a question of law warranting plenary review, and our scope of review is *de novo*." **In re C.R.**, 111 A.3d 179, 182 (Pa. Super. 2015). "[T]he question of standing is whether a litigant is entitled to have the court decide the merits of the dispute or of particular issues." **In re B.L.J., Jr.**, 938 A.2d 1068, (quoting **Silfies v. Webster**, 713 A.2d 639, 642 (Pa. Super. 1998)).

In Maternal Aunt's brief, she does not address whether she has standing to appeal from the order in question, nor did the dependency court *sua sponte* address the issue of standing either while it possessed jurisdiction below or in preparing its Pa.R.A.P. 1925(a) opinion for the present appeal.

Appellee Child, however, represented by the Child Advocacy Unit of the Defender Association of Philadelphia, maintains for the first time on appeal that Maternal Aunt lacks standing because she is not a party to the dependency proceeding in question and has never filed a motion to intervene

in the matter. Brief for Appellee, N.J., at 14 (citing *In re J.S.*, 980 A.2d 117, 122 (Pa.Super. 2009) ("Only a 'party' has the right to participate, to be heard on his or her own behalf, to introduce evidence, and/or to cross-examine witnesses.")).

Dependency proceedings are governed by the Juvenile Act, 42 Pa.C.S.A. § 6301 *et seq.* The Juvenile Act provides that all parties to a dependency proceeding are entitled to counsel, to present evidence, and to cross-examine witnesses. 42 Pa.C.S.A. §§ 6337, 6338; *see also In re L.C. II*, 900 A.2d 378, 380-81 (Pa. Super. 2006).

This Court has repeatedly held that in a dependency proceeding, "party" status is limited to three classes of persons: (1) the parents of the juvenile whose dependency status is at issue; (2) the legal custodian of the juvenile whose dependency status is at issue, or (3) the person whose care and control of the juvenile is in question. *In re J.S.*, 980 A.2d at 120.

Other caregivers, including relatives, are not automatically considered parties to a dependency proceeding. Absent legal custody, a non-parent's right to participate in a dependency proceeding is governed by Section 6336.1(a) of the Juvenile Act, which states:

> The court shall direct the county agency or juvenile probation department to provide the child's foster parent, pre[-]adoptive parent or relative providing care for the child with timely notice of the hearing. The court shall provide the child's foster parent, pre[-]adoptive parent or relative providing care for the child the right to be heard at any hearing under this chapter. **Unless a foster parent, pre[-]adoptive parent or relative providing care for a child has been awarded legal custody pursuant to section**

> **6357 (relating to rights and duties of legal custodian), nothing in this section shall give the foster parent, pre[-] adoptive parent or relative providing care for the child legal standing in the matter being heard by the court.**

42 Pa.C.S.A. § 6336.1(a) (emphasis added).

Our review of the record and consideration of controlling authority lead us to conclude that Maternal Aunt lacks standing to challenge the dependency court's July 1, 2019 order, as she does not come within any of the foregoing definitions of a "party" under the Juvenile Act. On this basis, alone, may we affirm the order entered below.

Were we to address the timeliness of Maternal Aunt's appeal from the July 1, 2019 order, we would find an alternate basis for affirmance. The "[t]imeliness of an appeal, whether it is an appeal to an appellate court or a *de novo* appeal in common pleas court, is a jurisdictional question. Where a statute fixes the time within which an appeal may be taken, the time may not be extended as a matter of indulgence or grace." **Blucas v. Agiovlasitis**, 179 A.3d 520, 525 (Pa. Super. 2018). Pursuant to Pa.R.A.P. 903, an aggrieved party must file a Notice of Appeal within 30 days after entry of the order from which the appeal is taken. Pa.R.A.P. 903(a). **Smithson v. Columbia Gas of PA/NiSource**, --- A.3d ----, 2021 PA Super 157 (Aug. 9, 2021).

> [A]n appeal *nunc pro tunc* may be granted in some cases where an appeal was untimely filed because of non-negligent circumstances related to appellant, appellant's counsel, or an agent of appellant's counsel. For an appeal *nunc pro tunc* to be granted on that basis, the appellant must prove that: (1) the appellant's notice of appeal was filed late as a result of

nonnegligent circumstances, either as they relate to the appellant or the appellant's counsel; (2) the appellant filed the notice of appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay. The exception for allowance of an appeal *nunc pro tunc* in non-negligent circumstances is meant to apply only in unique and compelling cases in which the appellant has clearly established that she attempted to file an appeal, but unforeseeable and unavoidable events precluded her from actually doing so.

***Fischer v. UPMC Northwest***, 34 A.3d 115, 120 n.2 (Pa. Super. 2011).

Absent from both the "Question Presented" and "Argument" sections of Maternal Aunt's brief is any discussion of whether the dependency court's Order of April 16, 2021 erroneously denied her motion to appeal *nunc pro tunc* from the court's prior Order of July 1, 2019 on the basis of untimeliness. It follows that Maternal Aunt has not shown there were compelling, non-negligent circumstances causing such great delay in her seeking to file notice of appeal from the July 1, 2019 order that *nunc pro tunc* relief was in order. Therefore, in light of the above-discussed authority requiring an appellant to make such a showing, we would discern no reason to disturb the lower court's order denying Maternal Aunt's motion to file an appeal *nunc pro tunc*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/29/2021

- 11 -