J-S25015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOAN GRAWOLFE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM HARRISON | : | |
| | : | |
| Appellant | : | No. 1677 WDA 2017 |

Appeal from the Order Dated September 25, 2017
In the Court of Common Pleas of Clearfield County
Civil Division at No(s): 2017-1150-CD

BEFORE: GANTMAN, P.J., PANELLA, J., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.:                  **FILED AUGUST 14, 2018**

Appellant, William Harrison, appeals *pro se* from the order entered in the Clearfield County Court of Common Pleas, affirming a final protection from abuse ("PFA") order in favor of Appellee, Joan Grawolfe, and against Appellant. We affirm.

The relevant facts and procedural history of this case are as follows.

> [Appellee] obtained a [PFA] in 2012 after [Appellant] came to [Appellee's] home, physically assaulted her, and threatened to kill her. [Appellant] was arrested, charged, and pled guilty to charges stemming from the assault, and he was sentenced to a minimum of one (1) year, maximum of five (5) years in a state institution. In 2014, while still under a valid [PFA], [Appellant], while out on parole, attempted to contact [Appellee] in an attempt to obtain his personal property by way of sending a letter to a former public defender and assistant district attorney. [Appellee] never responded. While incarcerated for new offenses, [Appellant] filed a civil action against [Appellee] in another attempt to recover his property still held by [Appellee]. During the hearing for the civil complaint, which was

dismissed, [Appellee] contends that she was told by the presiding Magisterial District Judge that [Appellant] filing a civil action constitutes stalking, and advised [Appellee] to petition for a [PFA].

(Trial Court Opinion, filed November 28, 2017, at 1-2).

On July 25, 2017, Appellee filed a petition for a new PFA order. That same day, the court entered a temporary PFA order and scheduled a PFA hearing. The court held a PFA hearing on August 7, 2017, and entered a final PFA order; Appellant did not appear at this hearing. On August 16, 2017, Appellant filed *pro se* an appeal requesting a *de novo* PFA hearing. The court held a *de novo* PFA hearing on September 22, 2017, and entered a final PFA order on September 25, 2017. On October 18, 2017, Appellant timely filed a *pro se* notice of appeal. The court, on October 31, 2017, ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); Appellant timely complied on November 15, 2017.

Appellant raises the following issues for our review:

WERE [APPELLANT'S] 14TH AMENDMENT RIGHTS VIOLATED UNDER ARTICLE I, § 11, RIGHTS TO ACCESS TO OPEN REVIEW OF CLAIMS?

WAS "STALKING" DEFINED UNDER 18 PA.C.S.A. [§] 2709.1 *ET SEQ*. IN FINDING APPELLANT GUILTY UNDER THE DOMESTIC VIOLENCE STATUTE UNDER 23 PA.C.S.[A. §] 6108 *E*[*T*] *SEQ*.?

WAS THERE SUFFICIENT EVIDENCE PRESENTED BY [APPELLEE] TO SET FORWARD A PROTECTION FROM ABUSE ORDER?

(Appellant's Brief at 4).

Preliminarily, we observe that appellate briefs must conform in all material respects to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. **See also** Pa.R.A.P. 2114-2119 (addressing specific requirements of each subsection of appellate brief). Appellant elected to proceed in this appeal *pro se*. While a *pro se* litigant is granted the same rights, privileges, and considerations as those accorded an appellant represented by counsel, *pro se* status does not entitle an appellant to any particular advantage because the appellant lacks legal training. **Cole v. Czegan**, 722 A.2d 686, 687 (Pa.Super. 1998). "[A]ppellant has a duty to file a comprehensible brief and to raise and develop properly his appellate issues." **Id.** Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of Court. **Jones v. Rudenstein**, 585 A.2d 520, 522 (Pa.Super. 1991), *appeal denied*, 529 Pa. 634, 600 A.2d 954 (1991). "Any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his own undoing." **In re Ullman**, 995 A.2d 1207, 1211-12 (Pa.Super. 2010), *appeal denied*, 610 Pa. 600, 20 A.3d 489 (2011).

Regarding the argument section of an appellate brief, Rule 2119(a) provides:

**Rule 2119. Argument**

**(a) General rule.**—The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein,

- 3 -

>> followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a). Importantly, where an appellant fails to raise or develop his issues on appeal properly, or where his brief is wholly inadequate to present specific issues for review, this Court will not consider the merits of the claims raised on appeal. ***Butler v. Illes***, 747 A.2d 943 (Pa.Super. 2000) (holding appellant waived claim where she failed to set forth adequate argument concerning her claim on appeal; argument lacked meaningful substance and consisted of mere conclusory statements; appellant failed to explain cogently or even tenuously assert how trial court abused its discretion or made error of law). ***See also Lackner v. Glosser***, 892 A.2d 21 (Pa.Super. 2006) (explaining arguments must adhere to rules of appellate procedure and arguments which are not appropriately developed are waived on appeal; arguments not appropriately developed include those where party has failed to cite any authority in support of contention); ***Estate of Haiko v. McGinley***, 799 A.2d 155 (Pa.Super. 2002) (stating appellant must support each question raised by discussion and analysis of pertinent authority; absent reasoned discussion of law in appellate brief, this Court's ability to provide review is hampered, necessitating waiver on appeal).

Additionally, the appellant has the responsibility to provide a complete record for review. ***Conner v. DaimlerChrysler Corp.***, 820 A.2d 1266, 1273 (Pa.Super. 2003). As a general rule, this Court is limited to considering only those materials which have been certified in the record on appeal. Pa.R.A.P.

1921. Where a claim is dependent upon materials not provided in the certified record, the claim is waived. **Stewart v. Owens-Corning Fiberglas**, 806 A.2d 34, 37 n.3 (Pa.Super. 2002) (stating: "The failure of the appellant to ensure that the original record certified for appeal contains sufficient information to conduct a proper review may constitute a waiver of the issues sought to be examined"). If the appellant has not requested a transcript of the proceedings at issue to be made a part of the certified record, this Court has said:

> With regard to missing transcripts, the Rules of Appellate Procedure require an appellant to order and pay for any transcript necessary to permit resolution of the issues raised on appeal. Pa.R.A.P.1911(a). … When the appellant…fails to conform to the requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review.

**Commonwealth v. Preston**, 904 A.2d 1, 7 (Pa.Super. 2006) (*en banc*), *appeal denied*, 591 Pa. 663, 916 A.2d 632 (2007). "When the appellant has failed to preserve issues for appeal, the issues are waived, and the…court's order is more properly 'affirmed.'" **In re K.L.S.**, 594 Pa. 194, 197 n.3, 934 A.2d 1244, 1246 n.3 (2007) (noting upon waiver of issues on appeal, this Court should affirm trial court's decision, not quash appeal).

Instantly, Appellant's first issue is absent from the argument section of his brief. Accordingly, Appellant has not provided meaningful discussion of this issue or citations to relevant authority. **See** Pa.R.A.P. 2119(a). Therefore, Appellant waived his first issue for appellate review. **See Lackner,**

*supra*; *Estate of Haiko, supra*; *Butler, supra*.

Further, Appellant failed to order a transcript of the proceedings at issue and ensure we have the complete record necessary for appellate review. Without the transcript, we cannot conduct meaningful appellate review of Appellant's second and third issues. Therefore, these issues are also waived. *See Conner, supra*; *Preston, supra*. Based on the foregoing, Appellant waived all of his issues for appellate review. Accordingly, we affirm.[1] *See In re K.L.S., supra*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/14/2018

---

[1] Due to our disposition, we deny as moot Appellee's motion to quash.